ELMER SPRINGBORG v. WILSON & COMPANY.[1]

November 18, 1955.

No. 36,564.

---

[1]Reported in 73 N. W. (2d) 433.

*Hall, Smith & Hedlund,* for relator.
*J. Frank Boyles,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to review a decision of the Industrial Commission denying petition of employee asking for the imposition of penalty upon employer, and for other relief, based upon employer's alleged abuse of obligations under the workmen's compensation act.

On December 31, 1952, employee was injured while in the course of his employment at employer's Albert Lea plant. The injury occurred about 10:45 a. m. when a trolley ran off the end of an overhead rail and struck him on the head. Employee claims in his affidavit that when he regained consciousness after the accident there was considerable delay before initial treatment was given and that he did not reach a doctor's office until that afternoon. Employer submits counter affidavits to the effect that employee was sent to the doctor within 15 or 20 minutes after the accident.

Then followed a series of examinations and treatments by various doctors which have not yet been completed. As employer is a self insurer and therefore paying for examinations, treatments, and X-rays of its employees in compensation cases, it requires that the doctor involved obtain prior approval from its agent before any examination, treatment, or X-ray is undertaken.

At one point during this period of treatment employer discontinued compensation payments to employee but immediately resumed payments when informed by the commission that its reason for discontinuance was inadequate. Later in May of 1954 employer again discontinued payments on the basis of a medical report received from a doctor examining employee at that time. This report and a letter from the doctor treating employee recommended that he return to some form of work. Payments were resumed in August 1954, after employer received a report from a doctor at the Mayo Clinic on employee's condition at that time. During the period since

the injury employee worked a few days during June 1954 but was unable to continue because of pain, swelling of his arm, and general illness. He is at present under care of the Mayo Clinic.

Because of alleged delay in obtaining initial first aid treatment of the injury; alleged delays in later medical treatment caused by the necessity of obtaining approval from employer before a doctor could begin examination or treatment; the discontinuance of compensation payments during certain periods; and other alleged abuses, employee petitioned the commission asking for the imposition of a penalty upon employer under the terms of M. S. A. 176.225. That statute provides for an award of up to 25 percent of the compensation award as a form of penalty on the employer or insurer who has "(a) instituted a proceeding or interposed a defense which does not present a real controversy but which is frivolous or for the purpose of delay; or, (b) unreasonably or vexatiously delayed payment; or, (c) neglected or refused to pay compensation; or (d) intentionally underpaid compensation." Employee claims that employer has violated § 176.225, subd. 1(a, b, and c).

The petition was accompanied by a letter to the commission from the employee's attorney stating that it was the understanding of the writer that the normal procedure in such a situation was to have a hearing before the commission. The writer went on to say that as he viewed the situation, particularly because the employer had referred the employee to a number of doctors and because it would be necessary to take testimony of witnesses in Albert Lea and at the Mayo Clinic, "it would be more advantageous to all parties and to the securing of an adequate record to have this matter referred to a referee." Copies of the letter were enclosed so that they might be sent with the petition to employer and its attorney. Employee's petition for imposition of penalty and other relief was filed with the commission on September 22, 1954, and on October 22, 1954, the employer filed objections thereto.

Instead of referring the matter to a referee, the commission held a hearing during which oral arguments of counsel and the files and records pertaining to the question were considered. No testimony

was taken at the hearing. On November 8, 1954, without making findings of fact, the commission denied the petition for penalty.

Employee urges, among other things, that the commission erred in not referring the petition to a referee for hearing. Section 15.042 provides that administrative agencies may promulgate reasonable rules and regulations for the purpose of carrying out the duties and powers imposed upon and granted to administrative agencies. Pursuant to § 15.042 the commission promulgated "Rules of Practice Before Industrial Commission" of which Rule 35 is applicable to § 176.225, the statute under which this petition is filed. Rule 35(i) provides:

"In all cases where written objections are filed by the employer or insurer the matter shall be determined by the commission on its files and records and the showing made by the employer or insurer in support of the objections filed, unless at the time of filing such objections demand is made for formal hearing, in which case the matter shall be referred to a referee of the commission for hearing and determination."

In interpreting this rule it seems reasonable to assume that the demand for a formal hearing may be made by either the employee or the employer as we cannot believe that it was the intent of the commission in formulating its rule to limit this right to only one of the parties.

There seems to be no objection raised by the employer with reference to the adequacy of employee's demand for hearing. It is our opinion that the letter of the employee through his attorney to the commission, which accompanied the petition for the imposition of penalty, substantially complied with the requirements contained in Rule 35(i) for a formal hearing. That letter was in the possession of the commission at the time respondent's objections to the petition were filed.

It is employer's contention that employee's petition is premature and should not have been filed until he had received all medical and hospital treatment required and the final results have been certified by the Mayo Clinic. On the other hand, employee claims that the

alleged abuses inflicted on him by the conduct of employer had occurred before the petition was filed. A careful reading of § 176.225 leads us to the conclusion that, under the facts and circumstances here, the petition for imposition of penalty was not filed prematurely in view of employee's claim that the alleged abuses occurred before the filing date. If, in such a situation, it should develop at a hearing that the allegations of the petition were true, the possibilities of further abuses would be reduced.

We have held that the rules of our administrative agencies which are filed with the secretary of state have the force and effect of law and bind the agency which adopts them. State ex rel. Independent School Dist. No. 6 v. Johnson, 242 Minn. 539, 65 N. W. (2d) 668. Even though the adoption of the rule was a discretionary function, once it is adopted the agency does not have the discretion to disregard it. State ex rel. Independent School Dist. No. 6 v. Johnson, *supra.* It is therefore our opinion that, under the commission's own rules and the record here, employee is entitled to a hearing and determination on the petition before a referee.

Under § 176.411 the referee is not bound by common-law or statutory rules of evidence nor by technical or formal rules of pleading or procedure. However, § 176.371 provides that the referee "shall hear all competent evidence produced at the hearing, and, as soon after the hearing as possible, make such findings of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings, evidence and this chapter require." See, also, Chillstrom v. Trojan Seed Co. 242 Minn. 471, 65 N. W. (2d) 888; Barlau v. Minneapolis-Moline Power Imp. Co. 214 Minn. 564, 9 N. W. (2d) 6.

We, of course, make no decision as to whether the facts in this controversy constitute grounds for penalty under § 176.225; nor do we decide whether the methods and procedure used by the commission in denying the petition would have been sufficient in a case where no demand for a formal hearing and determination by a referee was made.

Remanded to Industrial Commission for proceedings in accordance with this decision.