OSOJNICK *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,208. Filed May 18, 1959.]

*John N. Stanton*, of East Chicago, for appellant.

*Edwin K. Steers*, Attorney General, *Keith Campbell* and *Robert W. McNevin*, Deputy Attorneys General for appellee Review Board.

*Frederic D. Anderson, George J. Zazas* and *Barnes, Hickam, Pantzer & Boyd*, of counsel, all of Indianapolis, for appellee Illinois Bell Telephone Company.

MYERS, J.—This is an appeal from a decision of the Review Board of the Indiana Employment Security Division, hereinafter called the Board. The question involved is whether the appellant was disqualified for benefits because she was discharged for misconduct in connection with her work, in accordance with the provisions of the Acts of 1957, ch. 261, §1, p. 615, being §52-1539, Burns' Ind. Stat. (Supp.), which provides that an employee shall be ineligible for benefit rights for a specified time if such employee "has been discharged for misconduct in connection with his work."

Appellant had been employed by the Illinois Bell Telephone Company for approximately nine years as a telephone operator at the employer's exchange in East Chicago. She had been on excused leave for one week and an additional week of vacation and returned therefrom on or about September 10, 1957. The evidence reveals that the East Chicago office was being converted to a dial system and that it was necessary for the operators to take training in Hammond and Gary for new positions. Appellant was aware of this and had been scheduled to take training in Gary during the month of October, 1957. When she returned to her work on or about September 10 she found that there had been a change in her schedule which required that she start work in Gary on the following Monday, being September 16. Appellant and her husband were building a new home and were planning

to move in during the week of September 16, and appellant had intended to ask for excused leave during that week. At 5:00 p.m. on September 12 appellant came to work and she and her chief operator, a Mrs. Gatewood, became involved in an argument regarding the change. During the course of the argument the chief operator ordered appellant to go back to her switchboard. There was testimony that appellant was so nervous and upset that she was unable to do so. The chief operator left the room and upon her return ten minutes later appellant had gone and left the premises without asking permission. The evidence further reveals that appellant testified that she was so nervous and upset as a result of the argument that she was unable to return to work and remained at home the following day, September 13. On the morning of September 14, at 7:30 o'clock, the chief operator telephoned to appellant's husband and informed him that his wife had been discharged.

The findings and conclusions of the Board are as follows:

"FINDINGS AND CONCLUSIONS: The Board finds claimant was employed by the employer herein for approximately nine years as a telephone operator at the employer's place of business in East Chicago, Indiana; that on September 12, 1957, claimant was informed by the chief operator that commencing September 16, 1957, and for one week, claimant would be required to go to the employer's office in Gary, Indiana, for one week's training; that claimant had been away from her employment two weeks prior to September 12, 1957, but did have knowledge that she would be required to take said training in the City of Gary.

"The Board further finds that claimant made no attempt to gain permission to leave her job on September 12, 1957, and that there is no evidence of probative value that claimant could reasonably

believe that she had been discharged. Claimant remained at home the following day and on September 14, 1957, claimant herself testified that she was getting ready to go to work when her husband received a telephone message that she had been discharged.

"The Board concludes that claimant was unreasonable in persisting that the employer arrange its business operations to conform with claimant's time to take care of her personal affairs; that claimant's actions were of such a nature as to constitute an intentional and wilful disregard of the employer's interest and she was properly discharged for misconduct in connection with her employment on September 14, 1957.

"DECISION: The decision of the referee affirmed."

We are at a loss to determine from the findings and conclusions of the Board the grounds upon which the Board found that appellant was guilty of misconduct in connection with her work. The first paragraph of the Board's findings and conclusions merely states the fact of her nine years' employment and that she had been notified that she would be required to take a week's training in Gary commencing September 16. The second paragraph contains two negative findings, that the claimant made no attempt to gain permission to leave her job on September 12 and that there was no evidence of probative value that appellant could reasonably believe that she had been discharged. The Board proceeds to state that she remained at home the following day and on September 14 her husband received a telephone message that she had been discharged. In conclusion the Board says that appellant was unreasonable in persisting that the employer arrange its business operations to conform with claimant's time to take care of her personal affairs,

and that "claimant's actions" were of such a nature as to constitute intentional and wilful disregard of the employer's interest.

There is absolutely no evidence or reasonable inference therefrom that "appellant persisted" or even demanded or requested that her employer arrange its business operations to conform to her time. In the findings of facts the Board states that "she and her husband were in the process of building a house and she had *intended* to ask for some more time off for the purpose of making arrangements to move." (Our emphasis.) At the most the evidence would reflect that the appellant protested her change of schedule to the chief operator. It has been generally stated that an employee has the right, without breaching his implied obligation to his employer and thus creating ground for discharge, to protest regarding working conditions and rules of the employer and to request that they be altered. 56 C. J. S., Master and Servant, §42h., p. 433. Misconduct within the meaning of the Employment Security Act has been defined an act that must show " 'a wanton or wilful disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent.' " *Merkle* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 108, 112, 90 N. E. 2d 524, 526.

"It is conduct 'evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.' *Boynton Cab Co.* v. *Neubeck*

(1941), 237 Wis. 249, 296 N. W. 636." Cited with approval in *A. Winer, Inc.* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 638, 641, 95 N. E. 2d 214, 216.

Under the circumstances made apparent by the evidence here before us, the action of the appellant in making protest to her employer concerning a change in her schedule lacks much of the elements of ██ "misconduct" as that term has been above defined and judicially construed. We are well aware of the rule that we must accept findings of facts of the Board. However, it has been recognized by our courts that the decision of the Board can only be disturbed if reasonable men would be bound to reach a different conclusion from the evidence. *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650, 652; *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind. 63, 143 N. E. 2d 564. We think that reasonable men would differ with the Board on the evidence in this case in concluding that appellant's action constituted misconduct.

The Board's conclusions stated that appellant was discharged because of misconduct in connection with her employment on *September 14, 1957*. There is no evidence to support a charge of misconduct taking place on that date. The Board's statement of facts shows only that she was notified of her discharge on that particular date. Obviously, the Board must have referred to some action that occurred prior to September 14 which occasioned appellant's discharge.

The other "actions" of the appellant which constitute misconduct are not specified in the Board's findings or conclusions.

We may not speculate as to the findings upon which the Board based its action. Nor can we direct the Board

to amend or change its findings. *Braschler* v. ██ *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 294, 299, 90 N. E. 2d 362, 365.

This cause is remanded to the Board for further proceedings in accord with the views expressed in this opinion. In the Board's discretion, it may, on its own motion or on the request of any of the parties, hear such additional evidence as may be deemed necessary.

NOTE.—Reported in 158 N. E. 2d 656.