Sally GREEN et al., Plaintiffs,

v.

Wayne STANTON et al., Defendants.

Civ. No. 73 F 19.

United States District Court,
N. D. Indiana,
Fort Wayne Division.

July 2, 1973.

**124**

William Rastetter, Legal Services Program, Fort Wayne, Ind., Ivan E. Bodensteiner, Valparaiso, Ind., Seymour Moskowitz, Project Justice and Equality, Gary, Ind., for plaintiff.

Philip H. Larmore, Fort Wayne, Ind., for defendant Heiny-Allen Co. Welfare.

Gary L. Thompson, Deputy Atty. Gen., Elizabeth Hamacher, Deputy Atty. Gen., Indianapolis, Ind., for defendant State.

John P. Segovia, Gary, Ind., for defendant Lake Co. Dept. Pub. Welfare.

## MEMORANDUM OF DECISION AND JUDGMENT ORDER

ESCHBACH, District Judge.

This class action under 42 U.S.C. § 1983 seeks declaratory and injunctive relief against the policy of the Indiana Department of Public Welfare which denies benefits claimed on behalf of an unborn child under the Aid to Families with Dependent Children (AFDC) program. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3) and (4), 2201 and 2202. The named plaintiffs are members of a class composed of all women in the State of Indiana whose pregnancies have been medically determined, and their unborn children, who are otherwise eligible to receive AFDC but are denied benefits until the actual birth of the child. Plaintiffs claim that the policy violates their rights under the equal protection clause of the Fourteenth Amendment and conflicts with the Social Security Act and regulations issued pursuant thereto. This court's conclusion that the challenged policy is inconsistent with the federal statute and therefore invalid under the supremacy clause makes it unnecessary to reach plaintiffs' equal protection claims.

On February 26, 1973, this court denied plaintiffs' requests for a temporary restraining order and the convening of a three-judge court. The latter request was denied on the ground that plaintiffs here seek to enjoin a state "policy" rather than a state statute or administrative order as provided in 28 U.S.C. § 2281. On April 25, 1973, the hearing on plaintiffs' application for preliminary injunction was consolidated with the trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure and the case was submitted for decision on the basis of stipulated facts. This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Rule 52(a). Of defendants' pre-trial motions, all were abandoned at trial except for their insistence that the Department of Health, Education and Welfare (HEW) be made a defendant in the action. That motion will be denied for the reasons stated at the conclusion of this opinion.

■ This court finds the prerequisites to a valid class action have been met pursuant to Rule 23(a) and (b)(2), Fed.R.Civ.P. Wilson v. Weaver, 358 F. Supp. 1147, (N.D.Ill., supplemental opinion filed May 23, 1973); see also Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); Gaither v. Sterrett, 346 F.Supp. 1095, 1099 (N.D. Ind.1972).

Under § 402(a)(10) of the Social Security Act, 42 U.S.C. § 602(a)(10), state AFDC programs must provide benefits to "all eligible individuals." The State of Indiana has agreed by statute to follow the provisions of the Social Security Act and the regulations issued thereunder in administering the AFDC program. *See* IC 1971, §§ 12–1–2–12, 12–1–2–13, Ind.Ann.Stat. §§ 52–1113, 52–1113a (Burns 1964 Repl.). In Townsend v. Swank, 404 U.S. 282, 286, 92 S.Ct. 502, 505, 30 L.Ed.2d 448 (1971), the Supreme Court stated:

> Thus, King v. Smith [392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968)] establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its

legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause.

The *King-Townsend* test was most recently applied in Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972), in which the Court held invalid a California regulation that denied AFDC benefits to needy families where the "continued absence" of a parent from the home was due to military service. The same test must be applied in the instant case to determine whether Indiana may deny assistance to unborn children.

The term "dependent child" is defined in 42 U.S.C. § 606(a), but that section is silent on the question of aid to the unborn. In accordance with the *King-Townsend* test, as applied in *Remillard, supra*, the question to be decided here is whether congressional authorization for the exclusion of unborn children from eligibility for AFDC under the definition of "dependent child" is "clearly evidenced from the Social Security Act or its legislative history." This court finds no evidence of such authority for Indiana's exclusion of unborn children from AFDC.

In Wilson v. Weaver, No. 72C 1960 (N.D.Ill., December 26, 1972), the Illinois policy of denying aid to unborn children was declared invalid. The court subsequently filed a supplemental opinion denying the defendants' motion to vacate, alter or amend its original decision. Wilson v. Weaver, 358 F.Supp. 1147, (N.D.Ill., 1973). HEW filed an amicus brief in the reconsideration of that case, to which the court directed much of its attention in discussing the issue now before this court. This court is in agreement with the conclusion reached in *Wilson* and will rely in part herein upon its analysis of the arguments presented by HEW, since those same arguments have been presented in this case.

The real issue in this case, as the court in *Wilson* observed, is "whether the statute itself requires that aid be furnished to unborn children and not whether HEW's own regulations require such aid." Wilson v. Weaver, *supra* at 1153. Pursuant to 45 C.F.R. § 233.-90(c)(2)(ii) and (c)(3) (1972), it has been HEW's practice to provide federal financial participation in state programs which include payments on behalf of unborn children. However, HEW has treated such programs as optional, approving state plans which provide such aid and approving others which do not. The Supreme Court in *Townsend*, and again in *Remillard*, expressly disapproved the "HEW policy which permit[s] States to vary eligibility requirements from the federal standards without express or clearly implied congressional authorization." Carleson v. Remillard, *supra*, 92 S.Ct. at 1934; Townsend v. Swank, *supra*, 404 U.S. at 286, 92 S.Ct. 502. In support of their contention that HEW may treat aid to the unborn as an optional program under its regulations, defendants attempt to distinguish the unborn child provisions of § 233.90 from the provision thereof defining "continued absence" (subsection (c)(1)(iii)) in *Remillard*. The same argument, presented by HEW in its amicus brief, failed to convince the court in *Wilson*, and this court finds it no more persuasive.

However, even if this court agreed with HEW's analysis of its own regulations, *Remillard* would still be controlling here. While the opinion in *Remillard* referred to the regulation interpreting "continued absence" to mean continued absence "for any reason," the Court looked independently to the Act and its legislative history to determine the meaning of "continued absence" in 42 U.S.C. § 606(a). Similarly, the question before this court with respect to the meaning of the term "dependent child" is a question of statutory interpretation. Although HEW's regulations are relevant to this inquiry, "the principle that accords substantial weight to interpreta-

tion of a statute by the department entrusted with its administration is inapplicable insofar as those regulations are inconsistent with the requirement of § 402(a)(10) that aid be furnished to 'all eligible individuals.'" Townsend v. Swank, *supra*, 404 U.S. at 286, 92 S.Ct. at 505. *See* Wilson v. Weaver, *supra*, 358 F.Supp. at 1152.

In Wilson v. Weaver, *supra*, HEW attempted to distinguish *King* and *Remillard* by comparing the statutory language involved in those cases from the term "dependent child" involved here. The court responded as follows:

> In support of defendants' position that the AFDC program does not require the payment of benefits to unborn children, HEW contends that unlike the terms "parent" in King v. Smith, *supra*, and "continued absence" in Carleson v. Remillard, *supra*, the meaning of the term "dependent child" in this case is unclear, that it cannot unequivocally be said to include unborn children, and that it therefore should not be so construed. The United States unsuccessfully raised identical arguments at pages 5–7 of its amicus brief in Carleson v. Remillard, *supra*, and there is no reason to give them any greater weight here than in the Supreme Court. Simply stated, this argument amounts to a reversal of the King v. Smith test of eligibility and would authorize the states to exclude persons from AFDC unless the statute or its legislative history clearly made coverage mandatory. That is clearly not the law.

358 F.Supp. 1153.

■ The dictionary definition of the word "child" is "an unborn or recently born human being." Webster's Third New International Dictionary (1969). There is nothing in the Act or its legislative history to indicate an intent to exclude or to authorize the exclusion of unborn children from the class of all dependent "children" as so defined. As the court in *Wilson* stated:

> . . . [A]ny uncertainty about the meaning of the word child should be resolved in light of the broad remedial goals of the AFDC program. . . . Thus, defendants' analogies to the status of unborn children for purposes of inheritance, federal taxation, abortion, or actions to recover for wrongful death or pre-natal injuries are simply inapposite.

Defendants here do not contend that the unborn child is any less "needy" or "dependent" than a child who has been born —indeed, the consequences of inadequate care and nutrition during the prenatal period may be extremely serious and lasting. *See* Birch, Functional Effects of Fetal Malnutrition, Hospital Practice 134 (March 1971). Even in Parks v. Harden, 354 F.Supp. 620, (N.D.Ga., 1973), which upheld Georgia's policy denying aid to the unborn, the court conceded that:

> It is well recognized that the purposes of AFDC are to provide for those in genuine need. As a matter of policy, the court sees nothing inconsistent with aid for the unborn child and the aim of Congress. See 42 U.S.C. § 601.

354 F.Supp. at 626. However, while the court in *Parks, supra,* interpreted congressional silence as evidence of an intent to exclude unborn children from the term "dependent child," this court feels compelled by *King, Townsend,* and particularly by *Remillard,* to interpret such silence as (1) requiring their inclusion within the meaning of the term "dependent child" and (2) precluding their exclusion from AFDC at the option of the states.

■ This case was argued and briefed prior to the recent decision of New York State Department of Social Services v. Dublino, 413 U.S. 405, 93 S. Ct. 2507, 37 L.Ed.2d 688 (1973), in which the Supreme Court reversed a ruling by a three-judge federal court that the New York Work Rules were preempted by the Work Incentive Program (WIN) of the Social Security Act, 42 U.S.C. § 602(a)(19), § 630 et seq.

(Dublino v. New York State Department of Social Services, 348 F.Supp. 290 (W. D.N.Y.1972)). While the dissenting Justices in Dublino criticize the majority for ignoring the fundamental *King-Townsend* rule for interpreting the Social Security Act, this court does not read the majority opinion as a retreat from that rule. The Court was careful to point out:

.  .  .  Our ruling establishes the validity of a state work program as one means of helping AFDC recipients return to gainful employment. We do not resolve, however, the question of whether some particular sections of the Work Rules might contravene the specific provisions of the Federal Social Security Act.

This last question we remand to the court below. That court did not have the opportunity to consider the issue of specific conflict between the state and federal programs, free from its misapprehension that the work rules had been entirely pre-empted.

413 U.S. at 422, 93 S.Ct. at 2517. Thus, the Court held merely that the WIN program was not intended to *pre-empt* state work incentive legislation, thereby invalidating even complementary state programs in their entirety, including provisions thereof not in actual conflict with the Social Security Act. In remanding the case to the district court, the Supreme Court reemphasized its holdings in *King, Townsend,* and *Remillard* that "if there is a conflict of substance as to eligibility provisions, the federal law of course must control." 413 U.S. at 423, 93 S.Ct. at 2518, n. 29. The instant case, unlike *Dublino, supra,* does not involve a question of pre-emption. The exclusion of unborn children from eligibility for AFDC involves a "conflict of substance" with the federal requirement that aid be furnished to "all eligible individuals." 42 U.S.C. § 602(a)(10). This court therefore finds defendants' policy of denying AFDC benefits to unborn children to be inconsistent with the Social Security Act.

Plaintiffs request that the court order defendants to pay benefits wrongfully withheld from them and all members of their class prior to the date of this order. Under Jordan v. Weaver, 472 F.2d 985 (7th Cir. 1973), this court has the power in its discretion to order the retroactive payment of welfare benefits withheld in violation of the Social Security Act. Fairness requires such an award to the named plaintiffs who pursued this action on behalf of the class. Since their children have either been born subsequent to the date this suit was filed or soon will be, they will receive nothing as a result of this decision without an award of retroactive benefits. Such an award will therefore be granted with respect to benefits withheld from the named plaintiffs after the date the complaint was filed in this action.

On the other hand, this court finds such an order inappropriate with respect to the class as a whole. The defendants here have acted in good faith reliance upon HEW's interpretation of the applicable federal standards and with HEW's express approval. In this regard, this court is well aware of the impact of this decision and others like it upon the welfare administrators of this state who are charged with the dual responsibility of distributing limited state funds while at the same time attempting to stretch those funds to comply with federal AFDC standards. Faced with a multitude of mandatory federal requirements, defendant have understandably declined to make payments such as those involved here where HEW has characterized them as optional. Thus, while this court cannot avoid its responsibility to interpret and enforce federal law as found in the Social Security Act, the regulations issued thereunder, and decisions of the Supreme Court, it recognizes the burden which "cooperative federalism" places on state officials and state funds. An award of retroactive benefits to all members of plaintiffs' class would add a punitive or deterrent element of relief not warranted by the facts of this case.

Finally, defendants' motion filed prior to trial that HEW be made a defendant in this cause pursuant to Rule 19, Fed.R.Civ.P., is denied. Although this decision *requires* that HEW provide federal matching funds for AFDC payments on behalf of unborn children in the State of Indiana, while at present HEW regards such programs as optional with the states, it is unnecessary to require the joinder of HEW as a defendant. First, nothing in HEW's "optional" regulations at § 233.90(c)(2) appears to give HEW itself an option to refuse federal funds to a state which requests them—the option is with the *states* according to HEW's interpretation of (c)(2). Moreover, defendants have not indicated any likelihood that HEW might in fact refuse to grant any properly requested funds or that, in the event of such refusal, the State would not be able to readily obtain appropriate relief. As to the federal regulations themselves, this court has not passed upon their facial validity under the Social Security Act but has merely concluded that they may no longer be treated as optional. Since the regulations themselves remain unaffected by this decision, their mere consideration herein does not compel the joinder of HEW.

## ORDER AND JUDGMENT

It is hereby ordered, adjudged and decreed:

1. That the motions filed by defendants on March 6, 1973 and March 8, 1973 be, and they are hereby, denied.

2. That the policy of the Indiana State Department of Public Welfare which denied AFDC benefits claimed on behalf of unborn children conflicts with § 402(a)(10) of the Social Security Act, 42 U.S.C. § 602(a)(10) and is therefore invalid.

3. That during such period as the State of Indiana shall continue to participate in the joint program authorized by Title IV of the Social Security Act, 42 U.S.C. §§ 601–644, defendants and their agents and employees are hereby enjoined from refusing to grant AFDC benefits to plaintiffs and other members of their class solely because the applicant's child is not yet born.

4. That the State defendants shall send forthwith a directive to all county welfare departments in the State of Indiana ordering them to comply with the provisions of this order.

5. That defendants shall pay within sixty (60) days of the date of this order to the named plaintiffs, Green and Beckler, the amount of AFDC benefits denied them because of defendants' policy, herein declared invalid, of denying such benefits on behalf of unborn children. Provided, however, that such amount shall not include AFDC benefits which would have been received prior to February 7, 1973, the date this action was commenced, but for such denial.