Alice L. **HARRIS** et al., Plaintiffs,

v.

**MISSISSIPPI STATE DEPARTMENT OF PUBLIC WELFARE et al.,**
Defendants.

No. EC 73-38-S.

United States District Court,
N. D. Mississippi, E. D.

Aug. 15, 1973.

Barry H. Powell, Community Legal Services of Mississippi, Inc., Jackson, Miss., Stanley L. Taylor, North Mississippi Rural Legal Services, Oxford, Miss., Mark Shenfield, North Mississippi Rural Legal Services, West Point, Miss., for plaintiffs.

A. F. Summer, Atty. Gen., Jack S. Parker, Special Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action was heard by the court at the United States Courthouse in Oxford, Mississippi, on Thursday, August 2, 1973, on plaintiffs' motion for summary judgment. The parties submitted the issue on a stipulation of facts, the record herein, briefs and oral arguments.

At the conclusion of the hearing the court rendered an ore tenus opinion from the bench sustaining the motion and granting a summary judgment in favor of plaintiffs.

At the request of the court counsel for plaintiffs have submitted a proposed Final Decree for entry.

The decree has been approved as to form by counsel for defendants but they object to a provision making the decree effective upon entry thereof. Defendants have filed two affidavits with the court, one by the Director of the Office of Accounting and Finance, State Department of Public Welfare, the other by the Commissioner of the State Department of Public Welfare, in support of the request that defendants be given ninety days within which to implement the provision of the Decree. The affiants bring to the court's attention the difficulty which will be encountered by the State Department of Public Welfare in developing a plan for adjusting present state funds already in use for the current fiscal year to an additional group of eligible children and their mothers. It is asserted that funds must be found within current state appropriations for money payments to the mothers and their children, for administrative expenses in determining eligibility, and for medical services to be provided by the Mississippi Medicaid Commission for prenatal care and delivery for these mothers. The affiants also point out that a reasonable time will be required for the Department of Public Welfare to adjust its administrative machinery policies and procedures so as to comply with the terms of the court's Decree.

The court will give further consideration to and act upon defendants' request for a delay in the effective date of the decree before the entry thereof.

The court stated in the bench opinion that should an appeal be prosecuted from its decision, the right was reserved to file a written Memorandum amplifying the views of the court on the issues presented to the court.

Defendants have indicated that an appeal will be prosecuted from the entry of the Decree. Thus, the court has prepared and will file this Memorandum of Decision for the purpose above indicated.

At the hearing on the motion for summary judgment, the parties stipulated as follows:

> It is stipulated by and between the parties that, at the time of the filing of the complaint in this cause, both of the named plaintiffs were pregnant and were in every way qualified to receive Aid to Dependent Children welfare benefits for themselves and their conceived, but unborn, children except for the fact that such children were unborn.

The plaintiffs bring this class action for declaratory and injunctive relief, invoking the jurisdiction of the court by virtue of 28 U.S.C.A. § 1343(3) and (4), relating to actions under 42 U.S.C.A. § 1983. Plaintiffs request declaratory relief under 28 U.S.C.A. §§ 2201 and 2202, and seek to represent a class of individuals composed of "all expectant mothers of unborn children residing in Mississippi where the fact of pregnancy has been determined by medical diagnosis, and where the unborn child and its expectant mother would be otherwise qualified to receive Aid to Dependent Children (ADC) benefits except for the fact that the child is yet unborn".

The court finds that it has jurisdiction of the action by virtue of the statutes above mentioned and is authorized by law to grant the relief sought.

■ The action sub judice involves questions relating to Aid to Families with Dependent Children (AFDC), 42 U.S.C.A. § 601 et seq., and is an appropriate vehicle to enforce the rights of a class of beneficiaries under the Act. Sylvia Wilson, etc. v. Edward T. Weaver, Director, Illinois Department of Public Aid, et al, 358 F.Supp. 1147 (N.D.Ill., No. 72C1960, Supplemental Opinion dated May 23, 1973). Additionally, the action meets all prerequisites of a class action and is maintainable as such. Rule 23(a) and (b), F.R.Civ.P. Accordingly, plaintiffs may proceed herein as representatives of the class they seek to represent. The State of Mississippi, through the United States Social Security Act, 42 U.S.C.A. § 601 et seq., fully participates in the federally assisted AFDC program. Mississippi refers to the program as the "ADC" program (Aid to Dependent Children). This designation does not change the character of the program, however, since in the final analysis the Mississippi program is to render assistance to "families with dependent children", as distinguished from aid to the "dependent child".

The Social Security Act requires that benefits under the AFDC program shall be awarded with respect to a needy dependent child "who has been deprived of paternal support or care by reason of . . . continued absence from the home . . . of a parent". 42 U.S. C.A. § 606(a).

Regulations promulgated by the Department of Health, Education, and Welfare (HEW) pursuant to the Social Security Act provide that "[f]ederal financial participation is available in: . . . [p]ayments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis". 45 C.F.R. § 233.90(c)(2)(ii). The defendants take the position that the unborn children program is optional and the mere inclusion of such a program in the regulations does not, in itself, require payment of benefits for and on behalf of an unborn child. Mississippi's plan, which has the approval of HEW, does not include benefits with respect to unborn children. Only nineteen states in the union have incorporated benefits for unborn children in their AFDC plans.

This action is brought by plaintiffs to compel the State of Mississippi to include "unborn children" in its AFDC program.

■ It is settled law, in fact the parties so agree, that eligibility for AFDC benefits is measured by federal, not state, eligibility standards and that no one eligible under federal definitions for AFDC benefits may be excluded from such benefits absent a clear congressional intent to permit such exclusion. King v. Smith, 392 U.S. 309, 317, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448, 452–453 (1971); and Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352, 355 (1972).

The Supreme Court reviewed its holdings in King v. Smith and Townsend v. Swank in Carleson v. Remillard, and observed:

Section 402(a)(10) of the Social Security Act, 42 U.S.C. § 602(a)(10), places on each State participating in

the AFDC program the requirement that "aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals." "Eligibility," so defined, must be measured by federal standards. King v. Smith, 392 U.S. 309 [88 S.Ct. 2128, 20 L.Ed.2d 1118]. There, we were faced with an Alabama regulation which defined a mother's paramour as a "parent" for § 606(a)(1) purposes, thus permitting the State to deny AFDC benefits to needy dependent children on the theory that there was no parent who was continually absent from the home. We held that Congress had defined "parent" as a breadwinner who was legally obligated to support his children, and that Alabama was precluded from altering that federal standard. The importance to our holding was stressed in Townsend v. Swank, 404 U.S. 282, 286 [92 S.Ct. 502, 505, 30 L.Ed.2d 448, 453]: " . . . King v. Smith establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under *federal* AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause." (Emphasis supplied.)

In Townsend, we also expressly disapproved the HEW policy which permitted States to vary eligibility requirements from the federal standards without express or clearly implied congressional authorization. [404 U.S. at 286, 92 S.Ct. 502, 30 L.Ed.2d at 453].[1]

■ It is clear, therefore, from what the Supreme Court said in King v. Smith, Townsend v. Swank and Carleson v. Remillard that, the State of Mississippi may not adopt a plan which denies benefits to individuals eligible for assistance by federal AFDC standards.

Mississippi cannot deny AFDC benefits with respect to unborn children, even though such denial has HEW approval, if such unborn children are eligible for assistance through the family under the Social Security Act, according to federal standards.

■ Stated simply, the issue is whether otherwise eligible unborn children and their parents are eligible to receive AFDC benefits under the Social Security Act. This issue must be solved by construing the language of the Act in the light of its legislative history.

Section 602(a)(10), provides in pertinent part "[a] State plan for aid and services to needy families with children must . . . (10) provide . . . that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals". Section 606(a) contains the definition of the term "dependent child". Such definition does not contain a reference to an "unborn child". It follows that there is no express provision in the Act that excludes "unborn children" from assistance under the AFDC program. Since Congress did not see fit to exclude "unborn children" from participation in the AFDC program, it appears logical to hold that an attempt by the State of Mississippi to do so is in variance to and violative of the provisions of the Act.

■ As a general rule words used in the statute are to be given their usual and commonly understood meaning, unless it is plain from the statute that a different meaning is intended. 82 C.J.S. Statutes, § 329(b). There is nothing in Section 606(a) which indicates that the word "child" should have a meaning other than its usual and commonly understood meaning. The word "child" is defined as "an unborn or recently born human being" in Webster's Third New International Directory of the English Language, Unabridged, A Merriam-Webster (1971).

1. 406 U.S. 600, 92 S.Ct. 1934, 32 L.Ed.2d 355.

The court is persuaded that the word "child" was used by Congress advisedly, and that the Congressional intent was to give the word its usual and commonly understood meaning.

The court's view is strengthened by the fact that "HEW and its predecessors have authorized the payment of benefits on behalf of the unborn since at least 1941 [, and] [t]he last Congress recognized the prevailing interpretation of 42 U.S.C. § 606(a) as including the unborn when both Houses proposed amendments that would prohibit AFDC payments on behalf of unborn children". Wilson v. Weaver, supra, 358 F.Supp. at pages 1154–1155.[2] The amendments were not enacted into law. Pub.Law 92–603, 86 Stat. 1329 (H.R. 1).

The issue submitted to the court in the action sub judice has been recently presented to three other district courts. Chief Judge Sidney O. Smith, Jr., of the Northern District of Georgia, held that the Georgia plan which excluded unborn children from AFDC benefits was valid and did not violate the Social Security Act. Parks v. Hardin, 354 F.Supp. 620 (No. 17504, opinion dated January 3, 1973). Judge R. B. Austin of the Northern District of Illinois held that the Illinois plan which excluded unborn children from AFDC benefits was in violation of the Act and invalid in Wilson v. Weaver, supra, and, Judge Jesse E. Eschbach, of the Northern District of Indiana, Fort Wayne Division, held the Indiana plan invalid because it excluded unborn children from AFDC benefits in Green v. Stanton, 364 F.Supp. 123 (N.D. Ind. No. 73F19, opinion dated July 2, 1973).

These distinguished jurists have provided this court with excellent and exhaustive opinions which have been helpful to the court in reaching a decision. As stated by Judge Eschbach, in *Green*, the ultimate question for the court's determination is "whether Congressional authorization for the exclusion of unborn children from eligibility for AFDC under the definition of 'dependent child' is 'clearly evidenced from the Social Security Act or its legislative history'." Such is the *King-Townsend* test, applied by the Supreme Court in *Remillard*, supra. The court finds no such authorization in the Social Security Act or its legislative history.

In summary, the court holds that there is no congressional authorization for the State of Mississippi to exclude "unborn children" from participation in the benefits of its AFDC.

The granting of the motion for summary judgment was, therefore, proper.

2. In Wilson v. Weaver, Judge R. B. Austin, at footnote 4, quotes from Committee reports, as follows:

"The House Ways and Means Committee on H.R. 1, Rep. No. 92–231, states, at page 184:

Your committee wants to make clear that an unborn child would not be included in the definition of a child. This will preclude the practice, now used in the AFDC program in some States, of finding that an unborn child does meet the definition, thereby establishing a 'family' even before the child is born.

And the Senate Finance Committee Report, Sen. Rep. No. 92–1230, states at page 108:

Regulations of the Department of Health, Education, and Welfare permit Aid to Families with Dependent Children payments for a child who has not yet been born. The committee bill would make unborn children ineligible for AFDC."