INDIANA DEPARTMENT OF PUBLIC WELFARE AND WILLIAM R. STERRETT, DIRECTOR OF THE INDIANA DEPARTMENT OF PUBLIC WELFARE[1] v. KERMIT VANN DEVOUX.

[No. 2-573A123. Filed July 25, 1974.]

1. Appellant Sterrett was succeeded in office by Wayne A. Stanton on January 8, 1973.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*John T. Manning, Manning & Reuben,* of Indianapolis, *David S. Walker,* Legal Services Organization of Indianapolis, Inc., for appellee.

SULLIVAN, P.J.—This appeal is from a judgment of Marion County Superior Court, Room 6, reversing appellant's (State

Department) decision which denied disability benefits to appellee (DeVoux).[2]

Accepting the factual background most favorable to appellee, we note that DeVoux, age twenty-five, suffers from paralytic poliomyelitis which struck him at age two. DeVoux, for the most part, is confined to a wheelchair during his waking hours.

In December 1969, appellee applied to the Marion County Welfare Department (County Department) for Aid to the Totally and Permanently Disabled. Pursuant to State regulations, appellee was examined on January 13, 1970 by a physician selected by the County Department. The physician found that appellee:

"does have a physical or mental impairment, disease or loss which appears reasonably certain to continue throughout the lifetime of the individual without significant improvement and which substantially impairs his ability to perform labor or services or to engage in a useful occupation."

Thereafter, the County Department denied appellee's application stating he was "not permanently and totally disabled".

In April 1970, DeVoux, by counsel, requested an administrative appeal hearing ("fair hearing")[3] by the State Department. At the hearing, which took place on February 23, 1971, the State Department hearing officer took testimony from DeVoux's counsel and a job placement expert, Mr. Rowe, appearing on behalf of DeVoux. Only these three persons were present at the State Department hearing. Mr. Rowe testified at length regarding appellee's difficulty in finding and maintaining employment or training. According to Rowe,

---

2. In procedural actuality, the Marion County Superior Court review was of the decision of the State Board of Public Welfare which had summarily adopted the decision of the State Department.

3. The term "fair hearing" is set forth in the statute and describes the hearing to which an applicant is entitled if denied benefits by the County Department. IC 1971, 12-1-7-41, Ind. Ann. Stat. § 52-1251m (Burns 1964), replaced effective January 1, 1974 by IC 12-1-7.1-9, Ind. Ann. Stat. § 52-1281h (Burns 1973 Supp.). The term is drawn from 42 U.S.C. § 1352(a)(4).

appellee's physical condition and lack of mobility militated against placement in a suitable employment position. During the "fair hearing", counsel for DeVoux requested that he be furnished with all information or evidence upon which the final determination of the appeal was to be based. The hearing officer iterated as agency policy that hearing examiners did not view the entire agency record prior to the hearing, but, rather, are apprised only of the case name and number and the basis of the appeal. However, the hearing examiner did assure counsel that the agency decision would be based upon the testimony presented at the hearing and application of the State and Federal rules and regulations. Thereafter, the hearing officer discontinued the hearing, and, at a later date, privately interviewed DeVoux.

The State Department, in April of 1971, issued its Finding of Fact and Decision stating that appellee was:

". . . not permanently and totally disabled because it is the opinion that he can be rehabilitated if he is willing to cooperate with any of the numerous agencies available to assist him."

It is readily apparent that the Department's decision was primarily based upon two reports prepared by the County Department caseworker which were not in evidence at the hearing nor made available to DeVoux prior to the agency decision. One of these reports was a departmental social information form setting forth myriad social and economic facts as garnered from the applicant and as deduced or discovered by the County Department caseworker. The information form stated, in relevant portion, that appellee could walk with crutches occasionally, and had held a job for one month in 1961. A subsequent report from the department caseworker came at the request of the State Medical Review Team which sought additional information as to DeVoux. The caseworker's report consisted of vague bits of information regarding DeVoux's attitude, and the subjective view of the caseworker that the appellee, for various reasons, had failed

to take advantage of employment and training opportunities proffered by various agencies. The caseworker also stated that appellee was fired from his 1961 job and released from a later training program due to attitudinal problems. The caseworker did not testify at the hearing, and the caseworker's reports were not made available to DeVoux's counsel.

DeVoux contested the State Department decision, and requested a review thereof by the State Board of Public Welfare. The State Board, in May of 1971, sustained the State Department's action.

Thereafter, DeVoux filed a complaint in the Marion County Superior Court, Room 6, seeking judicial review of the decision. At the hearing conducted by the court, which was in reality an oral argument rather than a testimonial proceeding, the State Department over DeVoux's objection introduced the entire department file. By the parties' stipulation, however, the court accepted the entire record in order to facilitate judicial review. DeVoux, nevertheless, steadfastly maintained his objection to the court's consideration of evidence not presented or adduced at the "fair hearing".

The court entered finding of facts and conclusions of law and its judgment reversing the State Department decision. In sum, the court, in considering the evidence adduced at the fair hearing, held that DeVoux had proved entitlement to disability benefits. Therefore, the court concluded that the State Department action was arbitrary, capricious, and contrary to its own regulations. Further, the court ordered that the State Department "pay Aid to the Permanently and Totally Disabled to Kermit Vann DeVoux commencing December 1, 1969, continuously until he shall cease to be eligible for reasons other than those [set forth in the Department's 'Finding of Fact and Decision,', i.e., unwillingness to cooperate in his own rehabilitation]".

The State Department's motion to correct error was overruled, and this appeal was perfected.

The State Department broadly questions the propriety of the trial court's action. Essentially, the Department argues that the trial court exceeded the permissible bounds of judicial review by re-weighing the evidence and substituting its judgment for that of the agency. DeVoux argues that the agency, in making its finding, is confined to the evidence properly adduced at the hearing. Further, DeVoux contends that the substantial evidence adduced at the "fair hearing", and therefore properly before the hearing examiner, clearly establishes the appellee's entitlement to disability benefits, and that the court's decision was therefore proper.

I

AGENCY DETERMINATION BASED UPON EVIDENCE NOT ADDUCED AT HEARING OR NOT OTHERWISE MADE AVAILABLE TO BENEFIT CLAIMANT IS CONTRARY TO LAW

The State Department places great reliance upon the standard of judicial review found in the Administrative Adjudication and Court Review Act. IC 1971, 4-22-1-14, Ind. Ann. Stat. § 63-3014 (Burns 1961). Such reliance, and the Department's further contention that sufficient and substantial evidence exists to support the agency's decision misconceives the decisive factor which must control on appeal. As DeVoux properly points out, we are confronted with an agency decision based essentially upon evidence which was not adduced at the administrative hearing and subject to examination or rebuttal by DeVoux.

As heretofore noted, the administrative "fair hearing" is a creature of statutory origin, being established in the Federal Social Security Act and adopted by the State of Indiana.[4]

The State of Indiana receives federal monies for the ad-

---

4. *Supra* note 2. It should be noted that the Indiana statutory provisions covering aid to disabled persons, IC 1971, 12-1-7-29 to 50, Ind. Ann. Stat. §§ 52-1251a to 52-1251v (Burns 1973 Supp.), were repealed effective January 1, 1974, and were replaced by a supplemental assistance program. Pub. Law 106, 1973 Acts 603.

ministration of a categorical assistance program; one such category being Aid to the Permanently and Totally Disabled. Under this scheme of cooperative federalism, the federal government finances, on a matching fund basis, a large portion of the overall program, and the State, as a condition to receipt of the monies, agrees to conduct the program in conformity with the Social Security Act and Department of Health, Education and Welfare (H.E.W.) rules and regulations. *See* IC 1971, 12-1-2-12, Ind. Ann. Stat. § 52-1113 (Burns 1964) and IC 1971, 12-1-2-13, Ind. Ann. Stat. § 52-1113(a) (Burns 1973 Supp.); *see also Green* v. *Stanton* (N.D. Ind. 1973), 364 F. Supp. 123.

A plethora of decisional law establishes the proposition that a State may not vary eligibility or procedural requirements mandated by the Social Security Act or by valid H.E.W. rules and regulations. *Carleson* v. *Remillard* (1972), 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352; *Townsend* v. *Swank* (1971), 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448; *King* v. *Smith* (1968), 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118; *Green* v. *Stanton, supra; Silvey* v. *Roberts* (M.D. Fla. 1973), 363 F. Supp. 1006; *Jeffries* v. *Swank* (N.D. Ill. 1971), 337 F. Supp. 1062; *Zunino* v. *Carleson* (1973), 33 Cal. App. 3d 36, 108 Cal. Rptr. 769; *Cisco* v. *Lavine* (Sup. Ct. 1973), 340 N.Y.S.2d 275, 72 Misc. 2d 1009, *modified,* 341 N.Y.S.2d 719, 72 Misc. 2d 1087.

In considering a variance between state and federal eligibility requirements, the United States Supreme Court, in *Townsend* v. *Swank, supra,* stated:

"*King* v. *Smith* establishes that, at least in the absence of congressional authorization . . . a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause." 404 U.S. at 286; 92 S.Ct. at 505.

Similarly, in *Silvey* v. *Roberts, supra,* the court addressed a Florida Department of Health and Rehabilitative Services

policy permitting termination or reduction of some Medicaid medicine grants without prior notice or a "fair hearing". The court concluded that such policy:

". . . is fatally inconsistent with the fair hearing requirements of the Social Security Act and 45 C.F.R. § 205.10, 36 Fed. Reg. 3034 (1971), and must, therefore, be permanently enjoined on the basis of the Supremacy Clause." (citations and footnote omitted). 363 F. Supp. at 1012.

Reference to the controlling federal regulatory provisions proves dispositive. The Department of Health, Education and Welfare has established the following procedural guidelines, mandatory on their face and in their application, for conduct of fair hearings:

"The claimant, or his representative, will have adequate opportunity:

(i) to examine all documents and records used at the hearing at a reasonable time before the date of the hearing as well as during the hearing;

(ii) At his option, to present his case himself or with the aid of others including legal counsel;

(iii) To bring witnesses;

(iv) To establish all pertinent facts and circumstances;

(v) To advance any arguments without undue interference;

(vi) To question or refute any testimony or evidence, including opportunity to confront and cross-examine adverse witnesses." 45 C.F.R. § 205, 10 (a) (10) (1971)

The regulations further provide:

"Recommendations of the hearing officer or panel shall be based exclusively on evidence and other material introduced at the hearing. The verbatim transcript of testimony and exhibits, or an official report containing the substance of what transpired at the hearing, together with all papers and requests filed in the proceeding, and the recommendations of the hearing officer or panel will constitute the exclusive record for decision by the hearing authority and will be available to the claimant at a place accessible to him or his representative at any reasonable time." 45 C.F.R. § 205.10 (a) (14) (1971)

In 1968 the Indiana State Board of Public Welfare, pursuant to statutory authorization, IC 1971, 12-1-2-2, Ind. Ann.

Stat. § 52-1103 (Burns 1964), promulgated its rules and regulations regarding "fair hearings". In pertinent part, the regulations provide:

"(d) Any fair hearing shall be held at a place convenient to the appellant in the county in which he resides and shall be conducted by an official or employee of the state department of public welfare duly designated to hold such hearings. The hearing shall be informal and shall provide an opportunity for all persons who have pertinent information to be heard promptly. The appellant may be represented by any person of his own choice, including legal counsel if he so desires. The appellant or his representative shall have *full opportunity to question or refute any evidence presented by the state or county department and to examine all documents and records used at such hearing,* and said departments shall have the same opportunity as the appellant.

The hearing officer, with the consent of the appellant or his representative, may continue the hearing in order to secure additional information pertinent to the case, or the appellant or his representative may request a continuance in order to obtain such information.

\* \* \*

"(f) Within three [3] weeks after the conclusion of a fair hearing, the person who conducted the hearing shall report his findings of fact and decision upon the hearing. *Such appeal decisions will be based on the law, rules and regulations of the state department of public welfare, and officially adopted policies* and shall be signed by the administrator or a designee of the administrator and/or the director of the division of public assistance. A copy of the decision shall be sent to the appellant and to the county department of public welfare within two [2] weeks of the date of receiving the report of the hearing officer. The appellant shall also be notified that the state board of public welfare will review his case personally if a specific request is received by the state department from either the appellant or the county department of public welfare within 10 days following the receipt of the appeal decision." (Emphasis supplied) Burns Adm. Rules & Regs. § (52-1211)-1 (1973 Supp.)

Fairly read, section (d) provides a panoply of inspection, confrontation and cross-examination rights. Thus, adminis-

trative appellants are permitted to examine and attempt to rebut all evidence utilized by the State Department, and to confront and cross-examine agency witnesses.

Similarly, implicit in section (f), although unartfully omitted, is the requirement that agency appeal decisions be predicated on evidence adduced at the fair hearing. This requirement must be read into the section if such is to retain validity in light of the supremacy afforded to the procedural requirements of federal law.

It is well established that an administrative agency may not disregard its own regulations in derogation of statutory and constitutional rights. *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N.E.2d 101; *Davidson* v. *Review Board of the Indiana Employment Security Division* (1974), 160 Ind. App. 221, 311 N.E.2d 472.

In the instant case, it is apparent that DeVoux was denied the opportunity to inspect the evidence which formed the keystone of the Department's decision, and that he could not therefore rebut such evidence or present evidence to the contrary. The agency failed to follow the dictates of the federal and state procedural regulations. The resulting agency decision was therefore contrary to law. Under such circumstances, it was proper, if not required, that the reviewing court below set aside the agency decision.

Failure of the administrative agency to observe mandatory procedural requirements, does not of itself, however, justify a judgment by the reviewing court which embraces an award of affirmative relief as opposed to a rehearing conducted in conformity with applicable procedural rules.

## II

## REVERSAL OF AGENCY DECISION, UNDER FACTS PRESENTED, DID NOT AUTHORIZE JUDGMENT DIRECTING BENEFIT PAYMENTS TO CLAIMANT

The State Department extensively argues the applicability of the standard of judicial review enunciated in IC 1971, 4-22-1-18, Ind. Ann. Stat. § 63-3018 (Burns 1961), the Administrative Adjudication and Court Review Act (A.A.A.), as follows:

"Judicial review—Procedure. On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [§§ 63-3001—63-3030].

On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. *The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.*

Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment." (Emphasis supplied)

DeVoux properly acknowledges the relevance of the standard set forth in the A.A.A. although we deal with an administrative determination which is not an "administrative adjudication" within the meaning of that Act. *Burnett* v. *Review Board* (1971), 149 Ind. App. 486, 273 N.E.2d 860.[5]

In *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312 at 313-314, our Supreme Court noted that although the A.A.A. does not apply to judicial review of certain excluded agencies, it was:

". . . passed in part to provide a method of court review of certain *other* administrative actions, [and] shows the legislature's awareness of our proper field of activity."

And in *Williamson* v. *Review Board* (1969), 145 Ind. App. 266, 272, 250 N.E.2d 612, it was held:

"The standards for judicial review of decisions of administrative tribunals apply uniformly to all administrative agencies, unless a different standard is required by statute."

In this connection, we note that there is no specific statute which governs the standard or scope of review of welfare benefit eligibility decisions of the Indiana Department of Public Welfare.

We therefore conclude that although the A.A.A. does not specifically apply to review of eligibility determinations of

---

5.  The definitional provision in the Act provides in part:
" 'Administrative adjudication' means the administrative investigation, hearing and determination of any agency of issues or cases applicable to particular persons, *excluding*, however, the adoption of rules and regulations; the issuance of warrants or jeopardy warrants for the collection of taxes or employment security contributions; the payment of benefits by the employment security division; the review by the state board of tax commissioners of budgets, appropriations, tax levies and bond issues; *determination of eligibility and need for public assistance under the welfare laws;* mathematical calculations for the purpose of classification of townships by the state board of accounts; orders and prescribed procedure relating to the administration or supervision of the administration of public assistance under the welfare laws; determinations which affect only other agencies; determinations by the Indiana alcoholic beverage commission other than determinations to which this act is specifically made applicable by any other law; and the dismissal or discharge of an officer or employee by a superior officer, but including hearings on discharge or dismissal of an officer or employee for cause where the law authorizes or directs such hearing." (Emphasis supplied). IC 1971, 4-22-1-2, Ind. Ann. Stat. § 63-3002 (Burns Supp. 1973).

the Indiana Welfare Department, the standard and scope of judicial review set forth in that Act circumscribes the judgmental authority of the immediate reviewing court in such situations. This authority stops short of a substitution of the reviewing court's assessment of the evidence for that of the administrative agency and does not permit an order or direction to the agency to amend or change its findings. *Indiana Alcoholic Beverage Commission* v. *Johnson* (1973), 158 Ind. App. 467, 303 N.E. 2d 64; *Osojnick* v. *Review Board* (1959), 129 Ind. App. 515, 158 N.E.2d 656; *Braschler* v. *Review Board* (1950), 120 Ind. App. 294, 90 N.E.2d 362.

As above noted, the scope of review authorized by the A.A.A., and which is deemed here applicable, permits the reviewing court to "remand the case to the agency for further proceedings and [to] compel agency action unlawfully withheld or unreasonably delayed." DeVoux does not contend, nor does the record indicate, that the Welfare Department has unlawfully withheld or unreasonably delayed payment of benefits other than as occasioned by the agency determination of ineligibility. We are therefore persuaded to follow our holding in an analogous situation in *Indiana Alcoholic Beverage Commission* v. *Johnson, supra,* at 69:

"The express intent of this part of the statute [IC 4-22-1-18] is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency's decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing."

Neither legal nor equitable considerations dictate a contrary result, even though DeVoux contends that once the social information forms and caseworker reports are excluded from consideration, the evidence establishes as a matter of law,

his entitlement to disability benefits. We cannot agree with his assertion in this regard.

The administrative agency here improperly considered certain materials. The impropriety was not inherent in the nature of the evidence itself, but rather in the fact that DeVoux, the claimant, had not had an opportunity to rebut it. Under proper procedural safeguards, as hereinbefore discussed, it would not have been inappropriate for the agency to consider such in making its determination. To the contrary, social information of the nature contained in the reports herein considered is required to be considered by the Department in its determination of eligibility. 45 C.F.R. § 233.80 (c) (2) ; *Hayes* v. *Gardner* (4th Cir. 1967), 376 F.2d 517.

Accordingly, justice, as well as adherence to the procedural requisites hereinbefore set forth, requires that the matter be resubmitted to the Welfare Department at the "fair hearing" level for rehearing.

For the reasons herein set forth, the judgment is affirmed insofar as it overturns the State Department's denial of benefits and is reversed insofar as it orders payment of disability benefits to the claimant.

The cause is hereby remanded to the Marion Superior Court with instructions to further remand to the Indiana Department of Public Welfare for the expeditious conduct of a full and fair hearing in conformity with the requirements and principles enunciated in this opinion.

Buchanan, J., concurs; White, J., concurs in part and dissents in part.

## CONCURRING AND DISSENTING OPINION

WHITE, J.—I concur in the majority opinion insofar as it affirms the trial court judgment, but I also agree with appellee's contention that once the improperly considered evidence is excluded from consideration, the evidence establishes as a matter of law that he is entitled to disability benefits. The

majority seems to say that it, too, would agree but for the fact that the improperly considered evidence was not inherently improper but only procedurally so. The distinction escapes me. However the consideration of that evidence is characterized, it resulted in agency action being unlawfully withheld. Under the A.A.A. provision the majority has emphasized the reviewing Superior Court was authorized to *compel* that action. As I understand its judgment that is precisely what it did and it should, therefore, be affirmed.

NOTE.—Reported at 314 N.E.2d 79.