**Roger NEAL, Plaintiff–Appellant,**

**and**

**Pike Township Professional Firefighters Local 2656, Intervenor–Appellant,**

**v.**

**PIKE TOWNSHIP, Defendant–Appellee.**

No. 49A02–8703–CV–103.

Court of Appeals of Indiana, Second District.

Aug. 22, 1988.

Rehearing Denied Sept. 21, 1988.

Barry A. Macey, Nora L. Macey, Segal & Macey, Indianapolis, for plaintiff-appellant.

Douglas J. Heckler, Barnes & Thornburg, Indianapolis, for defendant-appellee.

SULLIVAN, Judge.

Roger Neal appeals from a summary judgment of the reviewing court which affirmed a decision of the Pike Township Fire Department Merit Commission. The Commission had terminated Neal's employment with the fire department.

We reverse.

Neal was suspended without pay for five days from employment with the Pike Township Fire Department. This suspension was extended pending the outcome of a hearing before the Commission. On January 7, 1986, the Commission held a public hearing on disciplinary charges against Neal. Neal appeared in person and was represented by counsel. Both Neal and the Department presented witnesses and evidence. The Commission continued the matter until January 15. On that date the Commission met in executive session. The township trustee entered the meeting and told the Commission that he wanted to show evidence concerning Neal which he had purposely withheld from the public hearing on January 7. He then distributed documents to the commissioners and demanded that they uphold the fire department chief's decision to terminate Mr. Neal. Neither Mr. Neal, his counsel nor the public were present. The commissioners then went into the public meeting and by secret ballot accepted the chief's recommendation of termination.

Neal presents several issues upon appeal. However, we find one to be controlling which is that he was not afforded the due process required in an administrative proceeding when, in his absence and without his knowledge, the township trustee presented evidence against him at a closed meeting.

Our United States Supreme Court has held that the opportunity to meet and rebut adverse witnesses is one of the minimum requirements of due process in an administrative hearing. *Goldberg v. Kelly* (1970) 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287. Indiana courts have necessarily followed

this rule. *Hunt v. Shettle* (1983) 3d Dist. Ind.App., 452 N.E.2d 1045; *City of Anderson v. State ex rel. Page* (1979) 4th Dist. Ind.App., 397 N.E.2d 615.

The facts of the present case are analogous to those of *City of Anderson, supra,* 397 N.E.2d 615, in which a board heard evidence concerning a policeman prior to and after the hearing on his alleged misconduct. The board dismissed him but the court reversed the dismissal, holding that administrative adjudications may not be made upon evidence secretly obtained by an administrative agency at a time and place other than that appointed for a hearing. In the present case, the Commission heard evidence and examined documents against Neal in his absence and without notice to him. As in *City of Anderson, supra,* we hold that Neal was denied his due process right to a completely impartial tribunal which would arrive at a decision without an ex parte consultation with an adversary.

■ We reject Pike Township's argument that Neal had an opportunity to fully present his case at the hearing. Though the evidence heard in Neal's absence may have been duplicative of evidence presented at the prior hearing, Neal had a right to hear or see it and to rebut it. Neal was also entitled to fair procedures even if sufficient evidence to dismiss him had already been presented at the hearing. *See Town of Speedway v. Harris* (1976) 2d Dist., 169 Ind.App. 100, 346 N.E.2d 646. The due process violation herein is not cured by the commission's claim to have ignored the additional evidence.

We also reject Pike Township's contention that Neal had no property interest to be protected by procedural due process. The township argues that Neal's alleged falsification of his application for employment with the fire department was to be considered "grounds for termination" according to the application. Record at 447. Yet such falsification would have to be established through a procedurally correct hearing. Neal has been denied such a hearing.

■ Finally, we reject Pike Township's argument that the Indiana Open Door Law, I.C. 5–14–1.5–1 to 5–14–1.5–7 (Burns Code Ed.Supp.1988), permits an executive session as was held herein. Indiana Code 5–14–1.5–6(b)(5)(A) does permit an executive session to be held "[t]o receive information concerning [an] individual's alleged misconduct...." However, an executive session is defined as a meeting from which the public is excluded while those persons necessary to carry out the purpose of the session are admitted. I.C. 5–14–1.5–2(f). It was necessary that Neal be admitted in the present case to assure him the opportunity to rebut adverse evidence. *Goldberg, supra,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287; *Hunt, supra,* 452 N.E.2d 1045; *City of Anderson, supra,* 397 N.E.2d 615. Because due process concerns are implicated, this case is not analogous to *Riggin v. Board of Trustees of Ball State University* (1986) 1st Dist. Ind.App., 489 N.E.2d 616, *trans. denied* 499 N.E.2d 243, as Pike Township asserts. In *Riggin, supra,* the public, not the dismissed employee, was excluded from the hearing. Therefore, the court held that the hearing complied with I.C. 5–14–1.5–6(b)(5)(A).

■ Because the decision of the Pike Township Fire Department Merit Commission is invalid due to the violation of Neal's right to rebut adverse evidence, we need not consider the other alleged errors. The proper remedy herein is to remand the case to the commission for further determination despite the cases cited by Neal which granted reinstatement and back wages. *See City of Mishawaka v. Stewart* (1974) 261 Ind. 670, 310 N.E.2d 65; *City of Hammond v. State ex rel. Jefferson* (1980) 4th Dist. Ind.App., 411 N.E.2d 152; *City of Anderson, supra,* 397 N.E.2d 615; *City of Fort Wayne v. Bentley* (1979) 3d Dist., 181 Ind.App. 114, 390 N.E.2d 1096; *State ex rel. Warzyniak v. Grenchik* (1978) 3d Dist., 177 Ind.App. 393, 379 N.E.2d 997. In *Bolerjack v. Forsythe* (1984) 3d Dist. Ind. App., 461 N.E.2d 1126, the standards of the Indiana Administrative Adjudication Act, I.C. 4–22–1–1 to 4–22–1–30 (Burns Code Ed.Repl.1986), were adopted for judicial review of agencies which are not state-wide

agencies. Indiana Code 4–22–1–18, applicable in this case, stated that a determination to the agency for further proceedings was permitted, if not required, if the procedure required by law was not observed. At the time in question the review court was permitted to compel specific agency action only if such action had been unlawfully withheld or delayed. *Indiana Department of Public Welfare v. DeVoux* (1974) 2d Dist., 161 Ind.App. 40, 314 N.E.2d 79.

The statutory provisions applicable to the judicial review here considered were altered by amendment effective July 1, 1987. The amendatory provisions, I.C. 4–21.5–5–14 and I.C. 4–21.5–5–15, do not materially alter the permissible scope of relief which may be granted by the review court.

We find no legislative grant of authority for us to afford greater relief than could be ordered by the original review court. Neither can we assume that following return of the matter to the administrative agency, that body will unduly delay or withhold appropriate action.

Our decision to refrain from ordering reinstatement and back wages is also supported by the fact that the Commission has statutory authority to summarily suspend without pay for a short period of time. *See* I.C. 36–8–3.5–19 (Burns Code Ed.Supp. 1981). In the event that Neal's termination is ultimately found to be erroneous, his reinstatement and back wages will be forthcoming.

Were we to grant the relief now which Neal seeks and the Commission were to decide later that dismissal was warranted, Neal would have been reinstated erroneously and received wages to which he was not entitled. Thus, the request for such relief is premature. Reinstatement and back wages should be granted upon remand if the Commission determines that it erroneously dismissed Neal.

For the foregoing reasons, we reverse the judgment of the review court with instructions to remand the cause to Pike Township Fire Department Merit Commis-

sion for such further proceedings and decision as may be consistent with this opinion.

HOFFMAN and BUCHANAN, JJ., concur.