SPERRY RUBBER AND PLASTICS COMPANY *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,380. Filed May 17, 1966. Rehearing denied November 16, 1966.]

*Leland B. Cross, Jr., William R. Riggs,* and *Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *John T. Carmody* and *Keith Campbell,* Deputy Attorneys General, for appellee, Review Board of the Indiana Employment Security Division.

*Lynnville G. Miles,* of Indianapolis, for appellee, Emma Ledford.

PER CURIAM.—This action was originally started as a result of claim filed by the appellee Emma Ledford for unemployment benefits against the appellant Sperry Rubber and

Plastics Company. In a hearing by the appeals referee the claim was denied.

The claimant did not appeal the decision on the required form 651 under the rules and regulations of the Indiana Employment Security Board. The appeal was processed as part of a group claim in a letter submitted by the attorney for the union to which Emma Ledford belonged and which letter was alleged to have been sent and received by permission of the chairman of the Review Board.

The appellant raised the issue of the validity of the appeal before the board and again raises the question before this court. The review board reversed the decision of the appeals referee and found that the claimant's attorney had filed a valid appeal and that the claimant was available for work and eligible for benefits. The appellant assigned as error that the decision of the review board is contrary to law which presents the full record to us.

The appellant argues that the appeal was not properly taken within the scope of the rules and regulations of the Employment Security Board.

Attention is invited to the provisions of § 52-1544 Burn's 1964 Replacement which provide that the Employment Security Board has the power and authority "to adopt, amend, or rescind such rules and regulations . . . as it may deem necessary or suitable for the proper administration" of the Act.

The review board is a three member board established for the purpose of hearing and determining appeals from a decision of the referee.

We herewith quote pertinent parts of §§ 52-1542b and 52-1542e, Burn's 1964 Replacement:

"Unless such request for hearing is withdrawn, a referee, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify or reverse the finding of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the Review Board, unless

within fifteen days after the date of notification or mailing of such decision, an appeal is taken by the Board or the Director or by any party adversely affected by such decision to the Review Board."

"The manner in which disputed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the Board for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure . . ."

Pursuant to the statute empowering the Employment Security Board to adopt rules and regulations the board adopted regulation 10007 which reads as follows:

"All pleadings reports, and papers filed in connection with disputed claims must be on forms prescribed and furnished by the Division. All applications, petitions, motions, and pleadings must be upon forms prescribed by the Board and must be filed in quadruplicate, unless a greater number is indicated by a note on the form to be used. Unless it is otherwise provided, all such forms, pleadings, and papers in connection with disputed claims shall be filed with the deputy at the office of the division where the claim was filed."

Section 52-1544 Burn's in addition to enjoining upon the board the duty to administer the act and giving it the power and authority to adopt rules states:

"It shall be the duty of the board to administer the provisions of this act [§§ 52-1525—52-15636] and, in addition to all other powers conferred on the board, it shall have the power and authority to adopt, amend, or rescind such rules and regulations, to employ such persons, make such expenditures, require such reports, make such investigations and take such other action as it may deem necessary or suitable for the proper administration of this act. All rules and regulations issued under the provisions of this act shall be effective upon publication in the manner hereinafter provided and shall have the force and effect of law."

In the case of *Soleman* v. *City of Gary* (1942), 220 Ind. 446, 458, 44 N. E. 2d 101, the court in discussing the applica-

tion of rules adopted by the Civil Services Commission of the City of Gary stated:

> "This rule, duly adopted by the commission under the authority of the 1939 Act, had the force and effect of law so long as it was in force. *Wallace* v. *Dohner* (1929), 89 Ind. App. 416, 165 N. E. 552; 10 Am. Jur. 925, § 5.

> Although the commission may have the authority at any time to change such a rule, so long as a valid rule of the commission remains in effect it is binding on the commission as well as on the members of the department. To be valid the action of the commission must conform to the rules of the commission which are in effect at the time the action is taken."

In the case of *Springborg* v. *Wilson and Company* (1955), 245 Minn. 489, 73 N. W. 2d 443 the court said at page 435:

> "We have held that the rules of our administrative agencies which are filed with the Secretary of State have the force and effect of law and bind the agency which adopts them. State ex rel. Independent School Dist. No. 6 v. Johnson, 242 Minn. 539, 65 N. W. 2d 668. Even though the adoption of the rule was a discretionary function, once it is adopted the agency does not have the discretion to disregard it. State ex rel. Independent School Dist. No. 6 v. Johnson, supra."

Also in the case of *Staton* v. *Municipal Civil Service Commission* 75 N. Y. S. 2d 732 at page 733 the court said:

> "Manifestly, the Municipal Civil Service Commission had the power to establish and promulgate rules and regulations governing promotional examinations, and, in conformity with such rules and regulations, to prescribe minimum qualifications for each position. The minimum qualifications prescribed by respondent in the present instance for the position of police lieutenant were by no manner or means arbitrary, unreasonable, capricious or oppressive."

and again at page 734 said:

> "Petitioner vigorously urges that the act of the commission in accepting and approving his application, with full knowledge of the facts set forth therein—and particularly that he

had not served the minimum period required as a detective sergeant—constituted a waiver and suspension of the minimum qualifications previously fixed; and that any subsequent determination of the respondent in withdrawing permission to take the examination was arbitrary and unreasonable.

[3, 4] The contention of the petitioner is untenable. The principle enunciated in Matter of O'Brien v. Delaney, 255 App. Div. 385, 7 N. Y. S. 2d at page 598: "It is manifest that he [the petitioner] could not benefit by passing an examination for which he was not eligible. True it is that the Commission for a brief period assumed to recognize his eligibility for promotion as a result of the examination. But on further consideration it corrected the error and declared the petitioner not to be eligible. This was in exact accord with its own rules which bind the Commission as they do others. People ex rel. Jordan v. Martin, 152 N. Y. 311, 46 N. E. 484. The Commission could not suspend the operation of a general rule in favor of the petitioner."

We hold that the same rule applies in interpreting the rules and regulations of the Employment Security Board and therefore the action of the review board was contrary to law. Accordingly the decision of the review board is hereby reversed.

NOTE.—Reported in 216 N. E. 2d 530.