142 Ind. App. 577 (1968)
236 N.E.2d 178
ANDERSON ET AL.
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION.
No. 867A52.
Court of Appeals of Indiana.
Filed April 30, 1968.
Ross P. Walker, of Indianapolis, for appellants.
John J. Dillon, Attorney General, and William E. Matheny, Deputy Attorney General, for appellees.
No petition for rehearing filed.
FAULCONER, J.
In October, 1964, appellants registered at the local office in Indianapolis for benefits. The employer notified the division that appellants were unemployed due to a stoppage of work and labor dispute and contested their eligibility after October 14, 1964. The matter was referred to an appeals referee for initial determination and a hearing was held on December 10, 1964, determining that appellants were ineligible for benefits under Acts 1947, ch. 208, § 1504, p. 673; *578 § 52-1539c, Burns' 1964 Replacement. This decision was reversed by the Review Board's decision on appeal dated February 10, 1966. The latter decision found claimants eligible for waiting period benefit rights "for all calender weeks involved, namely, after November 1, 1964. Section 1504 of the Act is not applicable to these claims." The Review Board's decision was mailed on February 1, 1966. No notice of intention to appeal this decision pursuant to Acts 1947, ch. 208, § 1811, p. 673; § 52-1542j; Burns' 1964 Replacement, was filed by the employer.
On February 21, 1966, the local claims office received a letter, dated February 18, 1966, by one George Gable for the employer which purportedly furnished the division with disqualifying information as to the alleged receipt by appellants of deductible income. The local office informed the employer by letter dated February 25, 1966, that, "In view of the controversial issue whether or not the above-listed claimants received deductible income we are requesting a Division referee to make an initial determination on the matter." A hearing was had on March 8, 1966, in part, and was continued to a later date. On March 17, 1966, before the hearing was to continue, the employer requested that evidence be heard on the question of availability. To this appellants filed their motion to dismiss for lack of jurisdiction on the ground that the availability issue had already been determined by the February 10, 1966, decision of the Review Board from which no notice of intention to appeal had been filed within the time prescribed by statute and, therefore, said decision was final. The hearing was recessed until June 16, 1966, on which date the referee overruled appellants' motion to dismiss, heard evidence on the issue of availability and on June 17, 1966, issued his decision "that the claimants herein were unavailable for work within the meaning of section 1403 of the Indiana Employment Security Act from November 1, 1964, to January 24, 1965, ..." and that "The question of whether or not these claimants received deductible income has become moot *579 since the claimants failed to show that they were available for work...."
Each appellant filed a request for appeal to Review Board which, after oral argument, affirmed the decision of the Appeals referee. Appellants' assignment of errors was duly filed in this Court.
Acts 1947, ch. 208, § 1811, p. 673; § 52-1542j, Burns' 1964 Replacement provides, in part, that "Any decision of the Review Board, in the absence of appeal therefrom as herein provided, shall become final fifteen [15] days after the date such decision is mailed to the interested parties."
After the statutory time had passed for filing notice of an appeal from the Board's decision finding the claimants were available under the Act, the Board received a letter from the employer stating it had evidence of deductible income received by claimants. Although the statute requires such evidence to be filed promptly and the Rules of the Division specifies such facts shall be supplied within seven days, the letter was received, a hearing on the matter set, and the entire question of the availability of claimants for the same period of time covered by the Board's decision of February 10, 1966, was retried. The referee again found claimants unavailable for work which decision the Board upheld.
Thus the employer was able to obtain a new trial and a reversal by the Board of its decision on the availability for work issue by the mailing of a letter after the time for appealing the original adverse decision of the Board had expired and requesting a hearing on an entirely different matter or issue.
It is obvious from the facts of this case that none of the procedure specified in the statutes or the regulations of the Division were followed nor were forms specified therein used. Rules and regulations duly adopted by the Employment Security Board have the force and effect of law and failure to follow them makes the decision contrary to law. Sperry Rubber *580 & P. Co. v. Review Bd. of Ind. Emp. Sec. D. (1966), 137 Ind. App. 451, 216 N.E.2d 530, 531, 532, 8 Ind. Dec. 308.
The decision of the Board is therefore reversed with orders to reinstate the decision of the Board issued February 10, 1966.
Carson, C.J., Cooper and Prime, JJ., concur.
NOTE.  Reported in 236 N.E.2d 178.