SMITH CABINET MFG. CO., INC. *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION.

[No. 569A81. Filed December 18, 1969. Rehearing denied February 5, 1970. Transfer denied May 11, 1970.]

*Jack H. Rogers, Roberts & Ryder,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellees.

WHITE, J.—This is a review of a decision of the Review Board of the Indiana Employment Security Division, rendered March 27, 1969. The board's entry of that date reads, in pertinent part, as follows:

"CASE HISTORY—SOURCE OF APPEAL: The employer appealed to the Review Board from the referee's decision mailed September 17, 1968, which affirmed the deputy's initial determination of June 3, 1968, holding that the claimants failed with good cause to accept an offer of reemployment and therefore no disqualification applied. At the Review Board hearing on December 3, 1968, the employer was represented by Franklin W. Nicholson, Personnel Director, and Jack H. Rogers, Attorney. Several claimants appeared in person and others had union representation.

"The point in dispute before the Review Board is whether the claimants failed with good cause to accept an offer of reemployment.

"STATEMENT OF FACTS: The record is in agreement that the 26 claimants herein were among the 130-140 employees whom this employer had laid off on various dates between sometime in February, 1968, and March 15, 1968, due to lack of work.

"The contract between the employer and the employees' bargaining agent, United Brotherhood of Carpenters and Joiners Union, Local 2577, expired March 18, 1968. At midnight on said date, picket lines were established at the four roadway entrances to the employer's premises and all operations ceased. By letter dated May 17, 1968 (Employer's Ex. A, Tr. p. 11), the employer notified all employees to report for work on Tuesday, May 21, 1968, at 7 A.M. or to call the employer's personnel office if unable to report. The 26 employees herein failed to report because the labor dispute was still in existence at the employer's plant. A new contract between the employer and the bargaining agent was ratified on or about June 8, 1968, after which time the claimants herein reported for work consistent with the employer's recall.

"FINDINGS AND CONCLUSIONS: The Review Board finds that the claimants herein were placed on indefinite layoff sometime prior to March 15, 1968, due to lack of work.

"It further finds that a labor dispute existed at the employer's establishment from midnight March 18, 1968, to June 8, 1968.

"It further finds that the claimants were offered reemployment on May 21, 1968, but refused to accept said offer.

"It further finds that after a new contract was ratified on June 8, 1968, the claimants returned to work, pursuant to recall notice by the employer.

"It further finds that the positions offered the claimants herein were vacant due to a labor dispute.

"In view of the foregoing findings, the Review Board concludes that § 1502 (b) of the Act is controlling in this case.

"DECISION: The decision of the referee is hereby affirmed this 27th day of March, 1969. The claimants, if otherwise eligible, are entitled to benefits."

Section 1502 of the Act[1] being also Burns IND. STAT. ANN.

---

1. Ind. Acts 1947, ch. 208, p. 673. "Indiana Employment Security Act" is the name given to the Act by its § 3902 (Burns § 52-1563a).

§ 52-1539a, (of which § 1502 (b) cited by the Board is a part) reads as follows:

"An individual shall be ineligible for waiting period or benefit rights: If the director or the division finds that being totally, partially, or part-totally unemployed, he fails without good cause, either to apply for available suitable work when so directed by the director, the deputy, or an authorized representative of the state or the United States employment service, or to accept suitable work when found for and offered to him by the director, the deputy, an authorized representative of the state or the United States employment service, or by an employing unit, or to return to his customary self-employment (if any) when so directed by the director or the deputy. Such ineligibility shall continue for the week in which such failure occurs and for all weeks subsequent thereto until such individual has thereafter earned remuneration equal to not less than ten [10] times his weekly benefit amount in employment as defined in section 1508 [§ 52-1539g] hereof.

"(a) In determining whether or not any such work is suitable for an individual, the division shall consider the degree of risk involved to such individual's health, safety and morals, his physical fitness and prior training and experience, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence; Provided, however, That work under substantially the same terms and conditions under which he was employed by a base-period employer, which is within his prior training and experience and physical capacity to perform, shall be deemed to be suitable work unless the claimant has made a bona fide change in residence which makes such offered work unsuitable to him because of the distance involved.

"(b) Notwithstanding any other provisions of this act [§§ 52-1525—52-1563b], no work shall be deemed suitable and benefits shall not be denied under this act to any otherwise eligible individual for refusing to accept new work under any of the following conditions: (a) if the position offered is vacant due directly to a strike, lockout, or other labor dispute; (b) if the remuneration, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality; (c) if as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining a

bona fide labor organization. [Acts 1947, ch. 208, § 1502, p. 673; 1953, ch. 177, § 15, p. 626; 1957, ch. 261, § 2, p. 615.]"

Appellant contends that paragraph (b) of the above statute has no application to this case for the reason that no refusal to accept "new work" is here involved. Appellees were recalled to the jobs they worked at before being laid off. In this appellant is supported by the decisions of other states in which the statute is identical. *Merryman* v. *Administrator, etc.*, 23 Conn. Sup. 233, 181 A. 2d 260 (1962) ; *Barber* v. *California Employment Stabilization Comm.*, 130 Cal. App. 2d 7, 278 P. 2d 762 (1954).

Appellee review board concedes the validity of that argument but attempts to sustain its decision by citing evidence that the appellee employees had reason to fear for their physical safety if they crossed the picket line to return to work during the labor dispute. Quoted is the following paragraph from *Achenbach* v. *Review Bd., etc.*, 242 Ind. 655, 664, 179 N. E. 2d 873 (1962) :

> "it is not necessary that any of appellants should have experienced actual violence or bodily harm in attempting to cross the picket lines, but their fear, in light of all the circumstances must have been reasonable and genuine. The fear of violence must be real and not nebulous or imaginary. *Abshier* v. *Review Bd., Emp. Sec. Div.* (1952), 122 Ind. App. 425, 431, 105 N. E. 2d 902."

While it appears that the evidence pointed out by appellee would have sustained a finding that the failure of the appellees to return to work was not voluntary but was the result of a reasonable and genuine fear for their own personal safety, the board did not make such a finding.

Since the findings made by the board are not sufficient to sustain its decision, the same is contrary to law. Ind. Acts 1947, ch. 208, § 1812, being Burns IND. STAT. ANN. § 52-1542K.

The decision of the Review Board of the Indiana Security Division is reversed and this matter is remanded to the Board

for further proceedings not inconsistent with the views expressed in this opinion.

Costs are assessed against appellees.

Pfaff, C.J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 274.