## VIRGINIA N. BURNETT v. REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 471A82. Filed October 12, 1971. Rehearing denied November 9, 1971. Transfer denied December 27, 1971.]

*Morris L. Klapper,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellees.

SHARP, J.—The Appellant's sole contention of error in this case is based on the refusal of the Review Board of the Indiana Employment Security Division to allow the Appellant an extension of time in which to file her application for leave to introduce additional evidence.

Appellant filed for an unemployment compensation benefit on February 10, 1970, and a hearing on the initial determination was held before a referee on March 31, 1970, and April 6, 1970. Appellant was found to have been discharged for misconduct. A timely appeal was taken to the Review Board of the Indiana Employment Security Division. Appellant requested an extension of time to file an application for leave to introduce additional evidence to the Review Board. This request and a reconsideration of the same was denied. Hearing was held before the Review Board on September 15, 1970, resulting in the following determination and judgment by the Review Board:

> "FINDINGS AND CONCLUSIONS: The Review Board finds that claimant worked for this employer from March 17, 1969, until February 6, 1970.
>
> It further finds that claimant was discharged on February 6, 1970, because of her habitual tardiness and excessive absenteeism record.
>
> It further finds that claimant was discharged on February 6, 1970, because of her habitual tardiness and excessive absenteeism record.
>
> It further finds that claimant was warned more than once about her attendance record which should have put her on notice that her job would be in jeopardy if she did not improve her record.
>
> It further finds that no showing in the record that the claimant had improved her attendance record as directed.
>
> It further finds that claimant's repeated tardiness in spite of warnings showed a complete and wilful disregard of the best interests of the employer. The Appellate Court of Indiana has held that an employer has the right to expect punctuality. (250 N. E. 2d 24 (1969)).

The Review Board concludes therefore that claimant was discharged by the employer for misconduct in connection with her work within the meaning of the Act.

DECISION: The decision of the referee is hereby affirmed this 12th day of March, 1971."

At all times herein material the Review Board had promulgated Indiana Employment Security Board Regulation 1008, which provided:

"Each hearing before the Review Board shall be confined to the evidence submitted before the referee unless the same is an original hearing. Provided, however, the Review Board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal. An application for leave to introduce additional evidence made by either party shall set forth the names and residences of the witnesses whose testimony will be offered and the facts to which they are expected to testify. If the new evidence be documentary then a copy of the document proposed to be introduced shall accompany the application. Such application, if made by the appellant, must be presented at the time the request for hearing is filed. No additional evidence shall be taken except after not less than ten days' notice issued by the Review Board to all parties to such appeal. Such notice shall designate the time when and place at which such additional evidence will be received and shall set forth the names and residences of the witnesses whose testimony will be heard, together with a summary of the facts about which they are expected to testify."

The Appellant concedes that she did not comply with the procedure set forth in Regulation 1008 but asserts that the Review Board should have waived it in this case.

In *Coleman* v. *City of Gary*, 220 Ind. 446, 458, 44 N. E. 2d 101 (1942), our Supreme Court stated:

"Although the commission may have the authority at any time to change such a rule, so long as a valid rule of the commission remains in effect it is binding on the commis-

sion as well as on the members of the department. To be valid the action of the commission must conform to the rules of the commission which are in effect at the time the action is taken."

In *Sperry Rubber and Plastics Company* v. *Review Board,* 139 Ind. App. 503, 216 N. E. 530 (1966), this court specifically held that the Review Board had no discretion to disregard its own regulations. Similar reasoning and result may be found in *Anderson* v. *Review Board,* 142 Ind. App. 577, 236 N. E. 2d 178 (1968) and *Steel Transportation Co., Inc.* v. *Review Board,* 134 Ind. App. 95, 186 N. E. 2d 174 (1962).

The Appellees properly note that proceedings regarding the payment of benefits by the Employment Security Division are expressly excluded from the administrative adjudication and court review act. Ind. Stat. § 63-3002 (Burns 1961), I.C. 1971, 4-22-1-2.

The above citations are authority for the decision and ruling of the Review Board in this case and in so ruling it acted within their purview. The Appellant has failed to demonstrate any reversible error as a matter of law in this case.

Therefore, the decision of the Review Board should be and hereby is affirmed.

Hoffman, C.J., Staton and White, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 860.