JACK A. WOLFE *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT
SECURITY DIVISION AND NELSON OIL COMPANY

[No. 2-477A148. Filed April 27, 1978.]

*L. Peter Iverson, David F. Shadel,* Legal Services Organization of Indiana, Inc., of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Terry G. Duga,* Deputy Attorney General, for appellee.

STATON, P.J. — Jack Wolfe quit his job with the Nelson Oil Company. He was denied unemployment compensation because the review board found that he did not leave with good cause connected with the work. Wolfe appeals from that negative decision and specifically asserts: (1) that the review board failed to make findings relative to each of the reasons he gave for leaving; and (2) that the employer failed to comply with time limitations within statutory regulations.

The cause is reversed and remanded to the review board for action not inconsistent with this opinion.

### I.

### Evidence Before the Board

Wolfe's testimony at the referee hearing included eight reasons why he quit.

(1) Wolfe was expected to work every Saturday all day, contrary to the understanding when he was hired that he was to work one-half day Saturday every other week.

(2) Wolfe did not get a raise which he had been promised.

(3) Wolfe was required to make mechanical repairs on heating equipment and on his truck with no additional compensation.

(4) Employer insinuated that Wolfe had stolen wheel bearing lubrication.

(5) Employer refused to allow Wolfe any time off to get his car fixed.

(6) Employer refused to get a dangerous condition on a truck repaired; condition caused Wolfe injury.

(7) Employer refused to allow any time off for Wolfe to get doctor-ordered x-rays taken.

(8) Employer physically threatened Wolfe; this threat immediately preceded Wolfe's voluntary termnation.

Wolfe stated to the referee that "I know jobs is hard to find. I think I'm at the age that I know that you just don't walk off the job nowadays and find another one. I fully realize. But after all, a man can just take so much."

The referee issued his decision, and that decision was adopted by the full review board. The board found that:

"[T]he claimant voluntarily left his employment on October 18, 1976. The claimant now relies on duties he performed voluntarily to support his contention that he left his employment for good cause. The referee [the review board] finds that these reasons represent a personal dissatisfaction with the work, and while perhaps substantial and compelling reasons for leaving his employment do not constitute good cause in connection with the work within the meaning of the Act. In regards to the factual dispute as to the number of days per week claimant was required to work, the referee [the review board] concludes from the testimony of both parties that the arrangement was somewhat flexible. Therefore, the referee [the review board] finds that the dispute regarding claimant's hours does not constitute good cause in connection with the work within the meaning of the Act for the separation. . . ."

Wolfe concedes that the review board's decision disposed of (1), (2), and (3) unfavorably to him; and he does not argue those reasons upon appeal. Rather, he focuses upon reasons (6), (7), and (8) and alleges that the review board failed to make any findings relevant thereto. He argues that such failure renders the decision contrary to law.

II.

Standard of Appellate Review

IC 1971, 22-4-17-12, Ind.Ann.Stat. § 52-1542k (Burns Code Ed.) provides that

"Any decision of the review board shall be conclusive and binding as to all questions of fact. . . . An assignment of errors that the decision of the review board is contrary to law, shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the findings of fact. . . ."

Wolfe's argument that the board's decision is contrary to law necessitates a thorough examination of the scope of appellate review of review board decisions. We are cognizant that a board's decision *is* conclusive and binding as to all questions of fact. However, we are here faced with a failure of the board to decide all of the facts; the board concluded that the disagreement concerning hours was not good cause for voluntary termination of employment, but did the board even consider Wolfe's other reasons? On appellate review, do we *presume* that no finding on an issue is a negative finding on that issue?

The Indiana Supreme Court, in *Cole v. Sheehan Construction Co.* (1944), 222 Ind. 274, 53 N.E.2d 172, discussed this very question in the context of a workmen's compensation case.[1] The Court held that when an administrative board makes no finding as to some of the material issues, and when the claimant has properly preserved the error by designating the decision contrary to law, the reviewing court *no longer may affirm by merely determining whether there was some evidence to support an award.* Rather, the Supreme Court characterized such rubber stamp actions of an appellate level court as an invasion of the province of the full administrative board. In other words, the Court held that an appellate court should not undertake to find ultimate facts; the cause should be remanded to the board for findings.

Since *Cole,* many Indiana decisions have held that

"[I]t is the statutory duty of a quasi judicial fact-finding board or commission to specifically find the facts upon each element essential to support the award, that such failure raises *no presumption as to facts not found,* and is cause for remanding the case for determination on each of the elements necessary to support the award. . . ." (Emphasis added.) *See Stoner v. Howard Sober, Inc.* (1954), 124 Ind. App. 581, 587, 118 N.E.2d 504, 507.

*Transport Motor Express, Inc. v. Smith* (1972), Ind. App., 289 N.E.2d 737, discussed at length the need for specific findings and the difference in function between an administrative board and the appeals court.

1. The necessity for specific findings of fact is equally recognized in unemployment compensation cases. *See Bendix Corporation v. Radecki* (1973), 158 Ind. App. 370, 373, 302 N.E.2d 847, 849 and note 2; *Bowman v. Review Board of Indiana Emp. Sec. Div.* (1973), 158 Ind. App. 563, 570, 303 N.E.2d 840, 845.

"The Board's domain is the facts; ours is the law. We usurp its authority if we find by presumption the facts it fails to find expressly.[10] It frustrates our review authority when it fails to make its findings of fact specific enough to make an intelligent review possible. . . . Its finding of facts is minimally 'specific enough' for that purpose when, and only when, we are not required to weigh the evidence ourselves, or to presume that the Board reached certain results when it weighed the evidence, in order to determine that the Board's finding of an ultimate fact is or is not 'contrary to law.' . . . [T]he Board's finding should go beyond this minimal requirement of resolving the factual disputes and should state all the relevant underlying or basic, facts.

"10. . . . But when either an affirmative or negative award comes to a reviewing court based on sufficient evidence, yet evidence [exists] which would sustain a finding of one or more basic facts inconsistent with the award, the court cannot affirm in the absence of an express specific finding of basic facts consistent with and fully sustaining the award. For the court to affirm by assuming that the Board so found is actually for the court to make the finding. . . ." *Transport Motor Express, Inc. v. Smith* (1972), Ind. App., 289 N.E.2d 737, 745-747[2]

The *Transport Motor Express* decision also decries the evolution of administrative appeals which designate as issues the sufficiency of *evidence* sustaining the award rather than the sufficiency of the facts *found. Id.* at 749.

Since 1972, other Indiana cases have continued to emphasize the need for specific findings of fact. *See* citations in *Whispering Pines Home for Sr. Citizens v. Nicalek* (1973), 157 Ind. App. 478, 300 N.E.2d 669; and, *Delaware Machinery & Tool Company v. Yates* (1973), 158 Ind. App. 167, 301 N.E.2d 857; *DeMichaeli & Associates v. Sanders* (1976), 167 Ind. App. 669, 340 N.E.2d 796. Perhaps it is still the case that review boards do not know *how* to make specific findings. But, we believe that it is time the administrative boards learned. A finding of fact "must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has

2. This case was vacated by the Indiana Supreme Court at 262 Ind. 41, 311 N.E.2d 424. But, the Supreme Court *specifically approved* the standards enunciated by the Court of Appeals and held that the *decision "correctly stated the law,* but has failed to apply that law to the facts. . . ." (Emphasis added.)

resolved those issues in conformity with the law." *Whispering Pines Home for Senior Citizens v. Nicalek* (1975), Ind. App. 333 N.E.2d 324, 326. Reviewing courts have been too tolerant of findings which are *not* things of beauty. *See* note 3, *Board of Commissioners of Henry County v. Dudley* (1976), 167 Ind. App. 693, 340 N.E.2d 808, 812.

> "The obvious purpose of the act requiring a finding of fact is to inform both the parties and the court of review as to the factual basis on which the award was made. Therefore, it reasonably follows that such findings of fact should be made specifically and not generally, so as to enable this court to intelligently determine, without resorting to the evidence, whether or not there was proper factual foundation upon which to legally base an award." *Stoner v. Howard Sober, Inc.* (1954), 124 Ind. App. 581, 591-592, 118 N.E.2d 504, 509.

It follows that when an award is negative, the findings of fact by the board should exclude every possibility of recovery. *Stoner v. Howard Sober, Inc., supra.* The findings of fact issued pursuant to review of Wolfe's claim fail to specifically exclude Wolfe's reasons (6), (7), and (8). Therefore, according to Indiana statutory and case law, the cause should be remanded to the Indiana Employment Security Division Review Board for specific findings addressed to each of the issues raised by Wolfe.

This remand is necessary for another reason. The United States Supreme Court in *Goldberg v. Kelly* (1970), 397 U.S. 254, held that minimal due process requires a statement of the reasons for an administrative decisionmaker's determination and an indication of the evidence upon which the decisionmaker relied. Indiana's prescribed procedure clearly would carry the Constitutional burden *if it were always followed.* But, the *Goldberg* Court points out that where a claimant seeks benefits which are meted out by an administrative agency, the agency must at least inform the claimant why he is being denied those benefits. We believe that this is particularly applicable where, as here, a statute sets out a standard, *voluntary termination of employment with good cause,* and Wolfe has asserted that he qualified for benefits under that standard.

The review board complains that it should not have to sort out of the record every isolated comment made by a claimant in order to ascer-

tain whether the comment constitutes an issue upon which a specific finding is necessary. We would agree to the extent that those isolated comments do not constitute a material part of the issue before the board, but where the comment constitutes a material segment of a valid issue for the recovery, we would disagree with the board's position. The *raison d'être* of the review board's function is to scrutinize the evidence presented, since a claimant is usually not represented by counsel during a hearing. The referee or full board is more familiar with the procedure and should aid the claimant who is not represented by an attorney in framing the issues.

Moreover, the transcript reveals that Wolfe himself worried about how to present his case. As he began testifying, Wolfe stated to the referee that "[t]he circumstances of the case as given to the deputy is not what I give to the deputy. . . ." The referee replied, "I'm not considering any of these statements anyway." Wolfe repeated his concern, "You're not taking those into consideration whatsoever?" The referee assured, "No." The clear inference to have been taken by Wolfe was that the referee would consider everything that he testified to at the hearing.

We acknowledge that we are requiring the referee or review board to play an active role in the proceedings. The claimant and the employer should assist the hearing officers as much as possible, but the findings of fact are required *of the review board,* so the review board must obtain the necessary and specific facts. And, while we would agree that it would be practical[3] for the parties to tender to the board proposed findings, the statutes do not place such a legal burden on the parties. It would be unfair to expect the claimant and employer, neither of whom are generally represented by counsel, to prepare formal findings.

Wolfe was denied benefits, yet the board failed to make specific findings of fact on each of the reasons he gave for terminating his employment.[4] If any one of Wolfe's reasons constituted good cause

---

3. *See Transport Motor Express, Inc. v. Smith* (1972), Ind. App., 289 N.E.2d 737 at 750-751, and note 23.

4. If the findings of a review board are not sufficient to sustain its decision, the decision is contrary to law. *Smith Cabinet Mfg. v. Rev. Bd.* (1969), 146 Ind. App. 171, 253

within the meaning of the statute, the denial of benefits would be erroneous. Since we have no findings before us relative to Wolfe's reasons (6), (7), and (8), the cause must be remanded.

## III.

### Burden Upon Remand

Wolfe cites as an additional error that the Employment Security Division ignored its own rules when it refused to award him benefits upon the employer's failure to return its information form within ten days.

Wolfe's argument relates to certain internal regulations of the Indiana Employment Security Board. Regulation 802 provides in pertinent part:

> "Every employer shall, upon request, furnish his employees and his former employees with information necessary for them to obtain their full rights and benefits under the Employment Security Act.

> To be considered a valid document in determining benefits rights of an individual, an informational report or protest, including Form 501, directed by an employer to the Division regarding an employee or former employee, shall include the correct Social Security account number of the individual.

> TOTAL UNEMPLOYMENT — Form 501, 'Eligibility Information Report,' *shall be submitted* to the *claim-holding local office within ten (10) calendar days from the mailing of a notice* that a former employee has filed an initial or additional claim for unemployment compensation and he was separated from his employment under any of the following conditions: ... (4) Left work voluntarily without good cause in connection with his work; ...

> *If the 'Eligibility Information Report,' Form 501, is not received by the Division it will be deemed that the individual involved was separated because no work was available and his leaving work was for good cause in connection with the work.*" (Emphasis added.)

Wolfe contends that Regulation 802 in effect shifts the burden of proof from the claimant to the employer if Form 501 is not submitted within

---

N.E.2d 274. What constitutes good cause is a question of fact and is to be ultimately determined in light of all the facts. *Nordhoff v. Review Board of Indiana Emp. Sec. Div.* (1959), 129 Ind. App. 378, 156 N.E.2d 787.

ten days. He persuasively reasons that such a result, *i.e.*, rendering a claimant eligible for benefits, with the eligibility subject to revocation, is only just. Otherwise, an employer could dally indefinitely in returning the information form, thereby procedurally depriving a claimant from a determination of benefits. IC 1971, 22-4-12-1, Ind.Ann.Stat. § 52-1536 (Burns Code Ed.) requires that benefits be paid when due.

The Division sent the employer Form SUA 2 on November 23, 1976.[5] The employer did not complete the form until December 10, 1976, and the Division did not receive it until December 14, 1976. Despite the tardiness of the filing of Form SUA 2, the Division held Wolfe's claim open, and on January 6, 1977, found him *ineligible* for benefits. Such failure to follow its own regulation renders the Division's decision contrary to law. *Davidson v. Review Board of Indiana Emp. Sec. Div.* (1974), 160 Ind. App. 221, 311 N.E.2d 472; *Burnett v. Review Board of Indiana Emp. Sec. Div.* (1971), 149 Ind. App. 486, 273 N.E.2d 860; *Sperry Rubber v. Rev. Bd. of Ind. Emp. Sec. Div.* (1966), 139 Ind. App. 503, 216 N.E.2d 530. This principle is certainly pertinent where the Division neglects to comply with its own rules relative to the timely filing of necessary documents. *Anderson v. Rev. Bd. of Ind. Emp. Sec. Div.* (1968), 142 Ind. App. 577, 236 N.E.2d 178; *Steel Transp. Co., Inc. v. Review Board* (1962), 134 Ind. App. 95, 186 N.E.2d 174. According to Regulation 802, Wolfe should have been eligible for benefits ten days after the Division requested information from the employer.[6]

---

5. Because Wolfe's claim was covered by the special provisions of the Emergency Jobs and Unemployment Assistance Act of 1974, Public Law 93-567 (SUA), the review board argues that they were not bound by the time limits of Regulation 802. We disagree. Even though SUA was only a temporary program of assistance for workers not ordinarily eligible for benefits under existing unemployment compensation laws, the act provided that all provisions of state law regarding claims (which would include Regulation 802) should apply to claims under SUA. Public Law 93-567, § 207. Federal regulations also explicitly provide that state law shall apply to claim filing, reporting, and information 20 CFR § 619.10(a)(1) and (2). Regulation 802 requires information from employers. It specifically mentions Form 501 and a ten-day filing period. However, it *does not* exclude other information forms. If we were to exclude SUA 2 forms from the regulation, we would be sacrificing the intent and substance of the regulation for a technical form number.

6. Form SUA 2 actually has a *more* stringent time requirement than that imposed for Form 501. Printed on the form is a notice to the employer that SUA 2 is to be returned "WITHIN 7 DAYS." The 7 day period is encompassed by the Regulation 802 ten day period; the instructions on the form should not supercede the regulation, so benefits should not accrue until the ten day period has passed.

We reverse the board's decision. Wolfe should have been deemed eligible for benefits upon the employer's failure to timely file the required informational Form SUA 2. The employer, of course, may appeal; however, the employer must bear the burden of showing that Wolfe did not leave work with good cause. Wolfe is now entitled to benefits retroactive to ten days following the mailing of the Form SUA 2 notice to the employer. If the employer does appeal, the review board is instructed to make specific findings of fact on every issue in order that we may intelligently review the board's decision upon appeal. Reversed and remanded.

Buchanan, C.J., (By designation), Concurs;

Hoffman, J., Concurs in Result with Opinion.

## CONCURRING

HOFFMAN, J.—I concur only in the result that this cause should be reversed.

Employment Security Division Regulation 802 provides in pertinent part:

"Form 501, 'Eligibility Information Return,' *shall be submitted* to the *claim-holding local office within ten (10) calendar days from the mailing of a notice* that a former employee has failed an initial . . . claim . . . ;

"*If the 'Eligibility Information Report,' Form 501, is not received by the Division it will be deemed that the individual involved was separated because no work was available and his leaving work was for good cause in connection with the work.*" (Emphasis added).

The former employer did not return Form 501 within the time limit of 10 days.

The Review Board does not have discretion to disregard its own regulations.

*Davidson v. Review Board of Indiana Emp. Sec. Div.* (1974), 160 Ind. App. 221, 311 N.E.2d 472.

When the former employer failed to file Form 501 within the time limit as provided in Regulation 802, the deputy must find that the clai-

mant was separated because no work was available and his leaving work was for good cause and award benefits accordingly. The former employer has the right of appeal pursuant to the regulations.

Therefore the claimant was entitled to benefits until the Appeals Referee made an adverse decision.

The Review Board's contention that the regulations are not applicable because of the special provisions of the Emergency Jobs and Unemployment Assistance Act of 1974, Public Law 93-567 (SUA), is discussed and correctly decided in footnote #5 of Judge Staton's opinion.

Therefore I would reverse the award for the above reason.

Judge Staton's opinion holds that the Board failed to find facts sufficient to uphold its decision.[1] The facts found by the Board were sufficient.

It is admitted by both parties that the claimant left his employment voluntarily. Thus the issue before the Board is:

(1)   Why did the employee leave his employment?

(2)   Is such reason good cause within the meaning of the Act?

The Review Board in its decision stated the following facts:

"STATEMENT OF FACTS: The evidence of record indicates that claimant worked for this employer as a fuel oil truck driver from March 24, 1976, until October 18, 1976; and that he left his employment voluntarily without advance notice to the employer. The conflicting evidence of record indicates *that claimant left his employment because he felt that the employer had breached the agreement of hire by requiring him to perform duties outside the scope of his employment without extra compensation.*

"The employer representative testified that he did not require the claimant to work more hours than agreed; and that *claimant performed duties outside the scope of his job description when he volunteered to do such work.*

"FINDINGS AND CONCLUSIONS:   The Review Board now, by reference, adopts the findings and conclusions made by the

---

1.   That opinion relies heavily upon *Transport Motor Express, Inc. v. Smith* (1972), 289 N.E.2d 737, an opinion of the Indiana Court of Appeals in which transfer was granted by the Indiana Supreme Court, 262 Ind. 41, 311 N.E.2d 424. Such opinions have no precedential value and do not appear in the official reports of Indiana cases.

referee in Case No. 77-SUA-43 in the decision mailed January 27, 1977." (emphasis added)

The referee's findings state:

"The claimant now relies on duties he performed voluntarily to support his contention that he left his employment for good cause. The referee finds that these reasons represent a personal dissatisfaction with the work, and while perhaps substantial and compelling reasons for leaving his employment do not constitute good cause in connection with the work within the meaning of the Act. In regards to the factual dispute as to the number of days per week claimant was required to work, the referee concludes from the testimony of both parties that the arrangement was somewhat flexible."

Thus the Board found that the claimant left his employment because he performed duties voluntarily and was dissatisfied with his employment.

This was all that the Board was required to find; the reason claimant left his employment.

The Board was not required to state in its findings why the claimant did not leave his employment.

It then answered the next issue and correctly found that claimant's reason was not good cause under the Act.

Here the Board made an affirmative finding when it determined the reason claimant left his employment. Such excluded any possibility of recovery.

Judge Staton's opinion would require administrative agencies to do more than is required by trial courts when findings are required. Only one standard should apply whether it be a trial court or an administrative agency.

Judge Staton's opinion raises the case of *Goldberg v. Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, and states "that where a claimant seeks benefits which are meted out by an administrative agency, the agency must at least inform the claimant why he is being denied those benefits."

The Board's findings clearly inform the claimant why he is not entitled to benefits. A reading of the Board's decision leaves no doubt in

anyone's mind why benefits were denied. *Goldberg v. Kelly, supra* requires no more.

The Board's findings are sufficient and meet the requirement of the statutes and case law.

NOTE—Reported at 375 N.E.2d 652.