JOHN T. MOORE *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION AND BATES COMPANY

[No. 2-788A250. Filed November 21, 1978.]

*Michael K. Sutherlin, Sutherlin, Kennedy & Miller,* of Indianapolis,
for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Rollin E. Thompson,* Assistant Attorney General, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Claimant-appellant John T. Moore appeals from the decision of the appellee Review Board of the Indiana Employment Security Division wherein Moore was denied unemployment benefits after terminating his work with employer-appellee Bates Company.

## FACTS

Moore had a long history of absenteeism at the Bates Company. In

the three months prior to his termination he had completed only five forty-hour weeks without missing a day. On the two work days immediately prior to his termination Moore did not report for work, nor did he call in to inform his supervisor as to why he was absent.

Moore's supervisor pulled Moore's timecard so that Moore would have to talk to the supervisor when he returned to work. Upon entering his supervisor's office Moore said, "Am I fired?" The supervisor told him that he had a job, if he wanted one, but the supervisor wanted Moore to be at work every day or at least call in and notify him as to why he could not be at work. Moore remained noncommittal and simply asked, "Am I fired?" Moore was given the choice of working or not working. In that Moore, by his noncommittal attitude, chose not to work, his employer sent him home. Later that day (February 14, 1978) Moore filed for unemployment benefits.

On April 4, 1978 a deputy at the Employment Security Division determined that Moore voluntarily left his employment without good cause. Therefore unemployment benefits were denied to him. After a hearing wherein Moore represented himself, the appeals referee affirmed the deputy's decision. Moore then appealed to the Review Board which again denied his right to recover unemployment benefits because of his having voluntarily left his employment.

### ISSUES

1. Is the decision of the Review Board contrary to law in that the findings of fact are not supported by the evidence?

2. Is the decision of the Review Board denying Moore's application for leave to submit additional evidence contrary to law and in contravention of the fundamental principle of due process?

### DISCUSSION AND DECISION

*Issue One*

Moore first contends that the evidence is insufficient to support the decision of the Review Board in that there is no evidence which supports the finding that he left his work voluntarily. We disagree.

Moore was offered work upon the condition that he come to work each

day or at least that he call in and tell his supervisor why he was not coming to work. By his failure to agree to do this, Moore chose not to work. The fact that the supervisor asked Moore to go home does not necessarily mean that Moore was fired. Moore forfeited his job by voluntarily choosing not to work. If Moore was not going to work the only alternative left for him to do was to go home. The evidence supports the decision of the Review Board that Moore voluntarily left his work without cause.

Moore contends that the Review Board did not make specific findings of fact ruling out all other reasons for which his employment was terminated. He cites *Wolfe v. Review Board of the Indiana Employment Security Division* (1978), 176 Ind.App. 287, 375 N.E.2d 652, to support his contention. *Wolfe* is distinguishable from the case at bar in that the claimant in *Wolfe* acknowledged that he voluntarily left his employment and that he did so for certain enumerated reasons. The court in *Wolfe* explained at pages 656-7 of 375 N.E.2d as follows:

"The review board complains that it should not have to sort out of the record every isolated comment made by a claimant in order to ascertain whether the comment constitutes an issue upon which a specific finding is necessary. We would agree to the extent that those isolated comments do not constitute a material part of the issue before the board, but where the comment constitutes a material segment of a valid issue for the recovery, we would disagree with the board's position. The *raison d'etre* of the review board's function is to scrutinize the evidence presented, since a claimant is usually not represented by counsel during a hearing. The referee or full board is more familiar with the procedure and should aid the claimant who is not represented by an attorney in framing the issues.

\* \* \*

Wolfe was denied benefits, yet the board failed to make specific findings of fact on each of the reasons he gave for terminating his employment. If any one of Wolfe's reasons constituted good cause within the meaning of the statute, the denial of benefits would be erroneous. . . ." (Footnote omitted)

In the case at bar Moore's comments about unfavorable working conditions were nothing more than statements of dissatisfaction. It is

obvious from their context that such statements were not asserted to show good cause for his having *voluntarily* left his employment. Moore made no allegation that he left his employment for any reason other than that he was told by his supervisor to do so. We, therefore, hold that the Review Board's findings of fact were sufficiently specific to support its decision.

*Issue Two*

Finally, Moore contends that he was denied due process of law when the Review Board refused to permit him to reopen his case before the appeals referee and present additional evidence, even though the appeals referee had already made his decision and the matter was then pending before the Review Board. The Review Board denied Moore the right to present additional evidence because of Moore's failure to submit such request on the proper form.

In Ind. Admin. Rules & Regs. (22-4-17-6)-6 (Burns Code Ed.), it states in part:

> "All pleadings, reports and papers filed in connection with disputed claims must be on forms prescribed and furnished by the division. All applications, petitions, motions and pleadings must be upon forms prescribed by the board and must be filed in quadruplicate, unless a greater number is indicated by a note on the form to be used. . . ."

See also *Sperry Rubber and Plastics Company v. Review Board of the Indiana Employment Security Division* (1966), 139 Ind.App. 503, 216 N.E.2d 530, wherein this court held that the Review Board must follow its rules as promulgated, including the rule which requires a claimant to use those forms which have been prescribed by the Review Board.

Form 651, which Moore filed with the Review Board to appeal the decision of the referee, clearly states that no additional evidence will be taken at a Review Board hearing unless a written application made upon Form 666 states a summary of the evidence and shows good reason why such evidence was not introduced at the hearing before the referee. In that Moore failed to follow the prescribed procedure, we hold that the Review Board did not err in denying Moore the right to submit additional evidence.

Judgment affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 382 N.E.2d 185.